**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Peter MARCELLO, Defendant-Appellee.**

**No. 77–1165.**

United States Court of Appeals,
Tenth Circuit.

Feb. 8, 1978.

Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellant.

Scott McCarty, Albuquerque, N. M. (Marchiondo & Berry, P. A., Albuquerque, N. M., on the brief), for defendant-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge. .

The only issue in this appeal is whether an affidavit given by an F.B.I. agent to a United States Magistrate was legally sufficient to support the Magistrate's issuance of a search warrant. The trial court ruled that the affidavit was insufficient, and granted the defendant's motion to suppress the use at trial of the fruits of the search. The United States now appeals the ruling of the trial court granting the motion to suppress under 18 U.S.C. § 3731. Our study of the matter leads us to conclude that the trial court erred and we therefore reverse.

Peter Marcello, the defendant, was charged with the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. From the record before us it appears that Marcello runs a disposal service in Rio Rancho, New Mexico, and in connection therewith leases the Sandoval County, New Mexico dump. The charge against Marcello was that he had transported a stolen garbage truck from New York to New Mexico. The search warrant issued by the Magistrate authorized the search of the Sandoval County dump for garbage disposal equipment which was believed to be buried on the premises. The search disclosed certain items, namely serial plates from axles of a vehicle which the defendant claimed had been transported by him to New York, and then returned to New Mexico.

The United States Magistrate issued the search warrant on the basis of an affidavit made by an F.B.I. agent. The affidavit is set forth as an appendix.

The investigation of this matter started with an anonymous phone call to the F.B.I. in New York. A second anonymous phone call to the New Mexico State Police was to the effect that Marcello was then in New York and within the next few days would arrive in New Mexico driving a stolen garbage truck. A day or so after this second anonymous tip the defendant was in fact stopped by the New Mexico State Police driving what was later determined to be a stolen garbage truck. Marcello, however, was not arrested at that time, nor was the garbage truck impounded by the police. The following day there were two anonymous phone calls to the F.B.I. in Albuquerque advising the F.B.I. that during the early morning hours of that same day Marcello had buried the stolen garbage truck, together with some equipment in the dump which Marcello had under lease. As indicated, the warrant was issued solely on the basis of the affidavit of the F.B.I. agent, and the affidavit was in our view legally sufficient to warrant the issuance of the search warrant.

It is contended that the affidavit in the instant case does not meet the requirements of *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). It is true that the present affidavit did not disclose how the informants, assuming there was more than one person calling in these various tips, had acquired their information. Nor did the affidavit indicate that the tipster, or tipsters, had a track record of reliability. However, in our view the affidavit does contain a sufficient recital of investigative efforts by the F.B.I. and the local New Mexico police which in turn indicated that the information given the authorities was reliable. For example, the anonymous caller advised the New Mexico police that on the following day Marcello would arrive in New Mexico driving a stolen garbage truck. And on the following day Marcello was indeed stopped by New Mexico police driving a garbage truck, which subsequent investigation showed had been recently stolen in New York. All of this, and more, was contained in the affidavit of the F.B.I. agent. The Fourth Amendment only requires that facts set forth in an underlying affidavit be sufficient to allow a neutral magistrate to reasonably conclude that probable cause for a search exists. Sup-

porting affidavits should be tested in a common sense and realistic manner, without the use of a magnifying glass. The affidavit in the instant case is amply sufficient to support the issuance of a warrant. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Holliday*, 474 F.2d 320 (10th Cir. 1973); and *United States v. Berry*, 423 F.2d 142 (10th Cir. 1970).

Altogether, there were four anonymous phone calls, each supplying information that Marcello was involved in the interstate transportation of a stolen garbage truck from New York to New Mexico. Defense counsel would make much out of the fact that there is nothing in the affidavit to indicate that these four calls were made by only one person. Such is not fatal. It is a bit difficult for us to believe that four different persons were supplying information. It would appear more reasonable that one person was supplying the information. Be that as it may, the affidavit in the instant case, when read in its entirety, contains sufficient information to enable the issuing magistrate to find probable cause to search the dump leased by the defendant. The affidavit need only establish probable cause, not proof beyond a reasonable doubt. *United States v. Baca*, 480 F.2d 199 (10th Cir. 1973) and *Leeper v. United States*, 446 F.2d 281 (10th Cir. 1971).

Judgment reversed and cause remanded with direction that the trial court deny Marcello's motion to suppress.

## APPENDIX

The undersigned being duly sworn deposes and says:

That he has reason to believe that on the premises known as the Sandoval County, New Mexico, Dump, located in an area exactly two and one-half miles north of A–1 Disposal Service, Inc., Sandoval County, Rio Rancho, New Mexico, on Rio Rancho Drive, is a graded dirt road running directly west of Rio Rancho Drive, two miles in distance, to a chain-link fence area with a sign "Dump," an area of approximately three acres enclosed by a chain-link fence where there is now being concealed certain property, namely a bulldozer and garbage disposal equipment, such as trucks, both dump type and those attached with trash compactor units, allegedly stolen or fraudulently converted in the State of New York and transported to the State of New Mexico for use in A–1 Disposal Service, Inc., Rio Rancho, New Mexico, which is owned by PETER MARCELLO, and the Sandoval County, New Mexico, Dump which is leased by PETER MARCELLO, in violation of Title 18, United States Code, Section 2312, and subject to seizure.

Before ROBERT W. MC COY, United States Magistrate, Albuquerque, New Mexico, JAMES E. DOYLE, Special Agent, Federal Bureau of Investigation, Albuquerque, New Mexico, being duly sworn states:

(1) On October 5, 1976, Special Agent JOHN D. GAFFNEY, Babylon Resident Agency of the New York Federal Bureau of Investigation Office received an anonymous telephone call advising that PETER MARCELLO, owner of the A–1 Carting Company, Albuquerque, New Mexico, telephone number (505) 898–1852, had transported a garbage truck and a bulldozer to Albuquerque, New Mexico, for use in above-described business. The caller alleged that MARCELLO had driven the garbage truck to Albuquerque and had hauled the bulldozer to Albuquerque on a rented lowboy trailer. The caller advised that MARCELLO had a false bill of sale to facilitate the transportation of the garbage truck, however, both the truck and bulldozer were stolen property.

(2) On October 24, 1976, the New Mexico State Police, Albuquerque, New Mexico, received an anonymous telephone call advising that a PETER MARCELLO, owner of the A–1 Disposal Service, Inc., Rio Rancho, New Mexico, was presently in New York to obtain a garbage truck which had been stolen in New York, re-painted and Vehicle Identification Numbers altered in New Jersey, and he would be leaving the New York area on October 25, 1976, arriving in the State of New Mexico on October 27, 1976.

(3) On the night of October 27, 1976, at approximately 9:30 p. m., an individual identifying himself as PETER MARCELLO, date of birth July 16, 1941, 4107 Las Cimbras, Rio Rancho, New Mexico, and a BENJAMIN L. DANTE, date of birth February 25, 1951, 709 San Juan De Rio, Rio Rancho, New Mexico, were stopped by New Mexico State Police Sergeant AL WHITEHOUSE, Albuquerque, New Mexico, while they were operating what supposedly was a 1973 Peterbilt truck with attached Dempster Dumpster, truck Serial Number 56826M and Dumpster Serial Number 4226. An examination of this truck by National Automobile Theft Bureau Agent REX LEWELLEN reflected a serial number plate on the left front door showing the name 1973 Peterbilt, Vehicle Identification Number 56826M, Model CB300. An examination of the Vehicle Identification Number appearing on the right frame of the truck reflected that the original serial number had been burnt off and re-stamped with the number 56826M. The engine number on this truck was observed to be 10529227.

(4) On October 27, 1976, PETER MARCELLO was interviewed by the Affiant, JAMES E. DOYLE, a Special Agent of the Federal Bureau of Investigation for the past 25 years, and he stated that he came to the Albuquerque, New Mexico, area approximately one and one-half years ago after purchasing A–1 Disposal Service, Inc., Rio Rancho, New Mexico. He also advised that he leases the Sandoval County, New Mexico, Dump. He advised that approximately four months ago he purchased from the City of Albuquerque a 1973 Peterbilt trash truck, Serial Number 56826M, at an auction, paying $1,750 for this unit. He advised that the trash compactor unit accompanying this 1973 Peterbilt was in burnt condition, and approximately one month ago he sent the 1973 Peterbilt back to the Philadelphia Truck Body Company, Philadelphia, Pennsylvania, to have a trash compactor unit mounted thereon. He added that he had traveled via plane on Sunday, October 24, 1976, to New Jersey where he obtained this unit, returning same to Albuquerque, New Mexico, on October 27, 1976.

(5) On October 28, 1976, CLIFF ALLEN, Service Manager, New Mexico Peterbilt, Albuquerque, New Mexico, upon examining the 1973 Peterbilt, Serial Number 56826M, advised that this unit was not a Peterbilt truck but actually was a late-model crane carrier which is manufactured in Tulsa, Oklahoma.

(6) On October 28, 1976, CHARLIE JERKINS, Jerkins Truck and Equipment Company, Huntington Long Island, New York, telephonically advised the Federal Bureau of Investigation Office in Albuquerque, New Mexico, that a 1976 Centurion crane carrier truck with fork lift, Vehicle Identification Number 22631 and Engine Identification Number 10529227, had been reported stolen to the Suffolk County, New York, Police Department on October 23, 1976, under Suffolk County Police Department Number 36156, by MICHAEL ANTONACCI, President, South Bay Sanitation Company, 119 Farmers Avenue, Lindenhurst, New York.

(7) On the night of October 28, 1976, an anonymous caller advised a clerk of the Federal Bureau of Investigation Office at Albuquerque, New Mexico, that PETER MARCELLO had returned from New York on the night of October 27, 1976, and during the early morning hours of October 28, 1976, had buried the stolen garbage truck he obtained in New York "with the stolen bulldozer" at or near "the dump." It is Affiant's belief caller was referring to the Sandoval County, New Mexico, Dump; however, it was not clear if both the truck and bulldozer were buried. At 11:02 a. m., October 29, 1976, an anonymous caller advised Assistant Special Agent in Charge FRANCIS X. O'BRIEN, Albuquerque, New Mexico, Office of the Federal Bureau of Investigation, that PETER MARCELLO arranged to have a stolen garbage truck buried in the garbage dump he leases.

It is the Affiant's belief that in view of the fact the anonymous telephone call re-

ceived by the New Mexico State Police advising that PETER MARCELLO was returning to New Mexico in a stolen garbage truck was accurate, then the anonymous call to the Babylon Resident Agency of the Federal Bureau of Investigation should also be considered reliable and a search of the A–1 Disposal Service, Inc. owned by PETER MARCELLO and the Sandoval County, New Mexico, Dump leased by PETER MARCELLO provides necessary probable cause to believe there is stolen property, so described above, being concealed on the premises, so described above, and that the foregoing are grounds for application for issuance of a search warrant.