**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Dow VANDIVERE,
Defendant-Appellant.**

**No. 77–1810.**

United States Court of Appeals,
Tenth Circuit.

Submitted March 7, 1978.

Decided Aug. 4, 1978.

Terrill V. Landrum of Eversole & Settle, Muskogee, Okl., for defendant-appellant.

Richard A. Pyle, U. S. Atty., and John R. Osgood, Asst. U. S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before DOYLE, McKAY, and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal by James Dow Vandivere from a conviction by a jury on one count of a two-count indictment under 18 U.S.C. § 641 for theft of government property from a Federal Aviation Administration (FAA) VOR facility in Oklahoma. Vandivere was sentenced to a term of 18 months.

Three contentions are pressed upon appeal, alleging error by the trial judge: 1) In allowing defendant and his counsel only access to a tape recording of the preliminary hearing rather than giving a written transcript; 2) in denying a requested continuance; and 3) in refusing to suppress evidence obtained under an allegedly illegal search warrant.

No argument is made on the insufficiency of the evidence to support the verdict, so extended discussion of the facts is unnecessary except as they relate to the issues argued on appeal. The charges arose out of a forced entry into an unmanned VOR site maintained by the FAA to serve as a radio beacon for aircraft. The building contained two rooms separated from each other by a solid wall with no opening, requiring access to each room only from the outside. Entry to the west side was through a ventilator where a screen was torn, louvers pushed into the room and protective bars bent. Nothing was taken from this area. Entry to the east side was by prying or breaking the door lock. From this room were taken

certain electronic testing equipment and tools, including a fluke frequency meter.

The evidence connecting defendant Vandivere to the theft consisted of his fingerprints found inside the ventilator shaft on the west side, and a fluke frequency meter matching the one stolen in every respect except that its serial number was missing, taken from Vandivere's home shop pursuant to a search conducted under a warrant issued by a federal magistrate upon the affidavit of an FBI agent.

An indictment was filed against Vandivere June 14, 1977; he was arrested and given a preliminary examination on June 17, when he was bound over for a trial set for July 1, and which actually commenced on July 5, 1977.

Defendant's counsel filed motions for a copy of the transcript of the preliminary examination, for a continuance "to the next available jury docket" to obtain time to prepare for trial (which motion was renewed at the time of trial), and to suppress the evidence obtained under the search warrant. All these motions were denied by the trial judge, except that he ordered a tape recording of the preliminary hearing be made available to the defendant and his counsel.

I

In *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) two guidelines are set out for determining whether an indigent defendant must be provided a transcript:

(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

404 U.S. at 227, 92 S.Ct. at 434.

Since the district judge ruled that defendant and his counsel be given access to a full tape recording of the preliminary examination, we consider that he decided that the transcript or its equivalent would be valuable to the defense in its preparation. Thus

we are concerned only with part (2) of the test, whether the tape recording is an alternative device that fulfills the same functions.

Our decision in *United States v. Acosta,* 495 F.2d 60 (10th Cir. 1974), ruled that a transcript of a prior trial should have been granted. But the court did not have before it the question of a tape recording as a reasonable alternative. *United States v. Jonas,* 540 F.2d 566 (7th Cir. 1976) held that access to a tape recording was not the equivalent of a written transcript. But emphasis was placed upon the fact that there were two trials, separated in time by approximately two and one-half months, and with different attorneys representing the defendant at the trials. Further, the Court declared:

By our decision today we do not establish a *per se* rule that the government must provide a transcript following a mistrial. Under *Britt* there still may be available "an informal alternative which appears to be substantially equivalent to a transcript." However, in the overwhelming majority of cases we do not perceive that tape recordings or judicial notes will suffice. Admittedly there may be some trials where the testimony is short, simple and straightforward so that the preparation of a transcript would be unnecessary. Or there may be collateral proceedings where a transcript is not required. But in the difficult cases we encourage the policy of ordering a free transcript as the best alternative. Mistrials are not that plentiful so that requiring a transcript would place an unusual cost or burden upon the administration of criminal justice. (Footnotes omitted.)

540 F.2d at 573. We are bound by the rule of *Britt,* and we note in that case denial of a written transcript was affirmed under the narrow circumstances presented to the Court.

In the instant case the transcript was requested not of a prior trial but of a preliminary examination, and in this respect appears to be a case of first impres-

sion. The same counsel represented defendant at the preliminary examination and at trial. Only 18 days elapsed between the two events. The trial was very simple; the government case took less than four hours including opening statements by both sides and all cross-examination. The only real conflict in testimony was between the testimony by defendant that he personally entered only the west room of the building, through the ventilator where his fingerprint was found, which he claimed was already broken, and the recital by an FBI agent that defendant told him that he entered both rooms by the doors, after finding them unlocked when he visited the premises out of curiosity to see what was there. There is no contention that the agent's testimony was different at the preliminary examination than at the trial. A continuance might have been required had the written transcript been granted here, as the ruling was made only four days before the trial was scheduled to begin.

Fed.R.Crim.P. 5.1, adopted after *Britt*, provided in (c)(1) a method for a defendant to secure a tape recording of the preliminary examination, and in (c)(2) for a written transcript. The rule contemplates that requests for tape recordings are addressed to the magistrate and those for transcripts to the district judge, and infers that both may be available in appropriate cases. The advisory committee notes state, however: "The new rule is designed to eliminate delay and expense occasioned by preparation of transcripts where listening to the tape recording would be sufficient." 18 U.S.C.A. Fed.R.Crim.P. 5.1 at 252.

■ We think the presumption should be that indigent defendants in criminal cases are entitled to a transcript of any preliminary examination. But defendant seems to rest upon a contention that we should adopt a *per se* rule, that a tape recording is never the equivalent of the written transcript. This we cannot do, and we hold that the instant case is one of those where the tape recording was an alternative device which adequately fulfilled the same functions as a written transcript.

## II

■ Vandivere contends here that it was an abuse of the discretion of the trial court to deny his request for a continuance to have additional time to prepare his defense. Principal reliance is upon the fact the preliminary examination was held June 17, with the trial scheduled to commence 14 days later on July 1. In fact trial started on July 5.

This Court has previously upheld the exercise of the discretion of the trial judge in denying continuances where the trial settings allowed a shorter time period than here. *Mitchell v. United States,* 143 F.2d 953 (10th Cir. 1944) (11 days); *United States v. Eagleston,* 417 F.2d 11 (10th Cir. 1969) (13 days). We do not see anything to justify a different conclusion in this case.

Counsel may not rely upon the fact his motion for continuance was ruled upon June 27 as an excuse not to prepare for trial during the interim. Defendant was out on bond during the entire pretrial period, able to assist his attorney in preparing his defense. No specific conflict was cited by defendant's counsel which prevented him from preparing, just the demands of a busy practice. The 60 to 70 mile distance between the attorney's office and defendant's home, and the fact the locus of the crime was 40 to 45 miles from the attorney's office, are not sufficient reasons in this day and age to hold that two weeks is not enough time to prepare to defend this relatively simple case.

Nor do we see reason to overturn the ruling of the trial court in the fact it did not rule until June 27 on the motions to be allowed to view the premises and the request for transcript. We note that the trial court recessed the trial to permit a view of the FAA facility when the counsel complained he had not had time to look at it, and gave additional recesses to permit him to talk to his own witnesses. Defendant complains that only two of the four witnesses he wanted were served in time to appear at the trial. However, he notified the court of their names for the first time

only the day the trial commenced. His key witness was present and testified; the other one served was not used. Counsel acknowledged that the ones not served would simply show that defendant made a trip between two Oklahoma cities which would take him by the FAA station. In that respect they would only demonstrate that he had the opportunity to do what he and his other witness testified that he did do, namely to stop and look at the FAA building on his way back to his home to satisfy his curiosity about it.

### III

 Finally, appellant Vandivere contends the affidavit of the FBI agent used to support the warrant issued by the magistrate to search Vandivere's home for the fluke frequency meter and other items was insufficient under the standards of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We disagree.

Where reliance is upon an informant *Aguilar* requires a showing of some of the circumstances from which it was concluded that the objects sought are located at the site of the proposed search, and the affiant's basis for thinking the informant is trustworthy. *Spinelli* permits the issuing magistrate to consider the other allegations in the affidavit corroborating the informant's information, to determine whether the reliability sufficiently exists to find probable cause.

Here there was reliance upon an informant who told the agent he personally observed a fluke frequency meter, believed to be identical to that stolen, at the defendant's shop located in his residence. It was recited that this unidentified informant had given reliable information on one prior occasion. The affidavit also recites the objects stolen, that defendant's fingerprints were found inside a south wall vent of the premises where the crime occurred, and that defendant had one prior conviction for burglary and one for breaking and entering with intent to steal. We hold that these allegations when taken together support the magistrate's issuance of the search warrant, and meet the tests to be applied.

Vandivere makes much of the fact the affidavit states the fingerprints were at the point of entry for the burglary, when in fact they were in the vent leading into the west room, whereas the items stolen came from the east room which could not be entered except from outside. He also complains that the affidavit did not recite the fact the prior convictions of defendant were approximately four years old. We do not see these as fatal defects in that affidavit. A common sense synthesis of the facts alleged in the affidavit support the issuance of the search warrant. *See United States v. Marcello,* 570 F.2d 324 (10th Cir. 1978).

The judgment is AFFIRMED.