**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Paul GONZALES–PALMA, Jr.,
and Juan Gonzales-Garcia,
Defendants-Appellants.**

**Nos. 80–1240, 80–1242.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 18, 1981.

Decided March 2, 1981.

Rehearing Denied May 13, 1981.

Philip A. Cherner, Denver, Colo., on brief for defendant-appellant Edward P. Gonzales-Palma, Jr.

Sylvian R. Roybal, Denver, Colo., for defendant-appellant Juan Gonzales-Garcia.

Daniel R. Christopher, Asst. U. S. Atty., Denver Colo. (Joseph Dolan, U. S. Atty., Denver, Colo., with him on brief), for plaintiff-appellee.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Juan Gonzales-Garcia was convicted by a jury on four counts of participation in unlawful distribution of heroin and conspiracy to sell and distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Edward P. Gonzales-Palma, Jr., was convicted in the same trial on one count of participation in unlawful distribution of heroin and on one count of conspiracy to sell and distribute heroin. Each appeals his conviction, making different arguments on appeal. Since the cases were tried together, the appeals were consolidated in this Court.

### 80–1240

Edward P. Gonzales-Palma, Jr., urges in his appeal that it was error for the trial

court (1) to instruct the jury that heroin is a Schedule I controlled substance as a matter of law, and (2) to refuse a jury instruction concerning accomplice testimony.

■ The government established that the substance sold in the transactions at issue was heroin, but made no attempt to show that heroin is a narcotic and did not ask the court to take judicial notice of the narcotic classification of heroin. The court ruled that the classification was a question of law and so instructed the jury. Gonzales-Palma argues the legal status of heroin is a question of fact that must be proven by judicial notice or otherwise at the trial and that the government's case was fatally defective for failure to offer this proof.

■ We find no merit in appellant's position on this issue. We agree with *United States v. Porter*, 544 F.2d 936, 940 (8th Cir. 1976), which responded to the same argument as follows:

> "The defendant also contends that the trial court erred in denying his motion for a judgment of acquittal because the government adduced no proof that heroin is a Schedule I narcotic controlled substance. Whether or not the substance transferred is a Schedule I narcotic controlled substance is a question of law, not fact. The jury was properly instructed that heroin is a Schedule I controlled substance as a matter of law."

We have also held that failure to publish updated schedules listing heroin as a controlled substance does not result in its decontrol. "Those substances, unless removed by action of the Attorney General, [continue] to be controlled substances regardless of publication." *United States v. Huerta*, 547 F.2d 545, 547 (10th Cir. 1977).

■ We also agree with the trial judge that an instruction regarding testimony of accomplices would have been inappropriate since no accomplice testified in this case. The government's case against Gonzales-Palma was based principally upon the testimony of Drug Enforcement Administration (DEA) Agent Arroyo who described his undercover purchases of heroin and recounted his conversations with those assisting in the sales. Arroyo's recital of statements made to him by various coconspirators of Gonzales-Palma was not accomplice testimony under the rules of evidence; hence *United States v. Owens*, 460 F.2d 268 (10th Cir. 1972), relied upon by appellant, is inapposite.

## 80–1242

Appellant Juan Gonzales-Garcia urges that the court erred in refusing to grant his pre-trial motion for a continuance. He also argues there was insufficient evidence to support the jury verdict against him on the conspiracy count.

■ The decision to grant or deny a motion for continuance is committed to the sound discretion of the trial judge, and we may reverse only upon a showing of clear abuse of discretion resulting in manifest injustice. *United States v. Schwanke*, 598 F.2d 575 (10th Cir. 1979). Gonzales-Garcia's request for a continuance was based primarily upon the fact that he speaks very little English and that counsel representing him at trial entered his first appearance only seven days before trial. The record indicates that Gonzales-Garcia is not indigent. He first appeared before the court on November 23, 1979, and made bond. He made two subsequent appearances asking for a continuance each time on grounds he was unrepresented by counsel. On December 6, when he again appeared without counsel, an attorney was appointed for him. The pleadings show that on January 3 Gonzales-Garcia retained Arthur Nieto, a bilingual attorney who represented him at his trial, which commenced January 14. Nieto, on behalf of his client, moved for a continuance on January 8 and again at trial. The court denied this motion after careful consideration, noting that the case was not overly complex, that it was based primarily upon the testimony of undercover agent Arroyo, and that discovery consisted of approximately 150 pages of reports submitted by the Drug Enforcement Administration.

In *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the Supreme Court held that five days notice "was not a constitutionally inadequate time to hire counsel and prepare a defense to a case in which the evidence was fresh, the witnesses and the evidence readily available, [and] the issues limited and clear cut." *Id.* at 590, 84 S.Ct. at 850. This Court has also upheld orders denying motions for continuance in cases involving relatively short preparation time. *See United States v. Schwanke*, 598 F.2d 575 (fourteen working days); *United States v. Vandivere*, 579 F.2d 1240 (10th Cir. 1978) (fourteen days). *United States v. Golub*, 638 F.2d 185 (10th Cir. 1980), relied upon by defendant, involves significantly different facts and is inapposite here, in our view. We have reviewed the motions made by counsel and counsel's performance during trial and are convinced that appellant was well represented and that no manifest injustice resulted from the court's denial of the requested continuance.

In reviewing Gonzales-Garcia's claim that the evidence was insufficient to support the jury's verdict on the conspiracy count, we neither weigh conflicting evidence nor consider the credibility of witnesses. Rather, we view the evidence in the light most favorable to the government and determine "whether there is substantial evidence, either direct or circumstantial, which, together with the reasonable inferences that may be drawn therefrom, sustains the verdict." *Steiger v. United States*, 373 F.2d 133, 135 (10th Cir. 1967).

The government's case against Gonzales-Garcia was constructed principally upon the testimony of Agent Arroyo, corroborated by the physical evidence of the heroin obtained and the testimony of other agents who had maintained close surveillance. Arroyo's testimony regarding actions and statements by persons other than Gonzales-Garcia was ample to support the jury's finding of conspiracy. Defendant took the stand in his own behalf and denied each transaction and conversation particularized by Agent Arroyo. This presented a classic evidentiary conflict, which was re-

solved by the jury in favor of the government. We must affirm that determination.

The convictions in both cases are AFFIRMED.