**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 95-5425

CLARA MARSHALL LATTIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-508-A)

Submitted: February 18, 1997

Decided: March 21, 1997

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Helen F. Fahey, United States Attor-
ney, Jay Apperson, Assistant United States Attorney, Alexandria,
Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clara Marshall Lattin appeals her convictions for conspiracy to import heroin, 21 U.S.C. § 963 (1994), and conspiracy to distribute and possess heroin with the intent to distribute, 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

First, Lattin asserts the court abused its discretion by refusing to permit her to call Josette Breaux, an indicted co-conspirator, as a witness for the sole purpose of impeaching her testimony. The Government did not call Breaux to testify, but introduced testimony of three other indicted co-conspirators who implicated Lattin in their heroin trafficking operation. Lattin asked to call Breaux to establish that she would have lied had the Government called her to testify; additionally, Lattin asserted that Breaux's impeachment would have impeached the testimony of the co-conspirators who testified against her.

The court did not abuse its discretion because Lattin sought to impeach a witness who did not testify for the Government. As the court properly stated, "the Government is not going to call her, so she won't implicate your client . . . I am not going to let her be set up just to impeach her." While a party may impeach its own witness, the district court did not abuse its discretion here because the Government did not call Breaux to testify. See United States v. Morlang, 531 F.2d 183, 189-90 (4th Cir. 1975). We also note that Lattin fails to establish that Breaux's testimony went to the credibility of government witnesses at all. Moreover, Appellant was permitted to argue to the jury that the credibility of the conspirators who testified should be assessed in light of their plea agreements. Thus, the jury had before it evidence of possible biases of government witnesses and could assess their credibility accordingly.

Second, Lattin asserts the district court committed plain error, see United States v. Olano, 507 U.S. 725 (1993), in instructing the jury

about the existence of a conspiracy and about heroin's status as a con-
trolled substance. Because the Constitution "gives a criminal defen-
dant the right to have a jury determine, beyond a reasonable doubt,

2

his guilt of every element of the crime with which he is charged," United States v. Johnson, 71 F.3d 139, 142 (4th Cir. 1995), a trial court may not instruct the jury that a fact essential to conviction has been established by the evidence. Id.

The district court properly instructed the jury about the definition of a conspiracy. Additionally, it instructed the jury that

> [i]f you conclude that the conspiracy did exist, you should next determine whether or not the defendant willfully and knowingly became a member of the conspiracy.

> And indeed, that latter is what the issue is in this case. While it is your recollection that counts, it does not seem to me that here is any real question but that [ ] there is a conspir- acy both to import and to possess with intent and to distrib- ute heroin. What the issue in the case is not whether there was a conspiracy, but whether this defendant willfully, will- fully became a member of that conspiracy.

Further, the court instructed the jury that they were the "sole judges of the facts" and "what the Court or the lawyers say to you regarding the evidence or their recollection of the evidence is not binding on you." Lattin asserts the court's instruction directed a verdict about the existence of a conspiracy.

The court also instructed the jury that the law"prohibit(s) importa- tion of a controlled substance . . . heroin is a controlled substance." Lattin asserts that this instruction was improper because heroin's sta- tus as a controlled substance was a question of fact for the jury to decide.

As to the conspiracy instruction, the district court did not commit reversible error. It surrounded its comments about the existence of a conspiracy with instructions that the jury should decide the issue itself. Thus, it did not preempt the jury from making any factual deter- mination. See United States v. Gravely, 840 F.2d 1156, 1164-65 (4th Cir. 1988). As to the heroin instruction, the court did not commit plain error because heroin is listed as a controlled substance in

U.S.C. § 812(b) (1994), and the issue of whether it is a controlled substance is an issue of law, not fact. <u>See United States v. Gonzales-Palma</u>, 645 F.2d 844, 846 (10th Cir. 1981).

Accordingly, we affirm Lattin's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4