## Caldwell v. Commonwealth.

(Decided Oct. 2, 1936.)

ROY G. GARRISON for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

Virgil Caldwell appeals from a judgment convicting him of the crime of maliciously shooting and wounding Florence George and fixing his punishment at five years confinement in the penitentiary.

It is the contention of the commonwealth that this

shooting and wounding of the prosecutrix, Florence George, was malicious and without provocation.

Her evidence is to the effect that the accused, a colored man, and the prosecutrix had been intimately going together for some two years and that he was urging her to go with him to Illinois and marry him; that upon the day of Caldwell's charged and admitted shooting and wounding of her, he had gone to her farm home, where she lived with her stepfather and family, and again demanded that she answer as to whether or not she would accompany him to Illinois and marry him; that she replied that she was busy with her work and "didn't have time to talk with him and for him to go away"; that then, when she was attempting to leave him, he drew his pistol and shot her in the side, the bullet lodging near her spine and paralyzing her.

Her version of the circumstances under which the accused shot and wounded her is fully corroborated by the testimony of her stepfather, the only other eyewitness, whose testimony was substantially the same as that of the prosecutrix.

On the other hand, this testimony of the commonwealth, tending to show a malicious shooting and wounding by the accused of the prosecutrix, is by the accused denied. His defensive testimony is that upon the occasion in evidence he went to the home of the prosecutrix upon the express invitation of her stepfather for the purpose of adjusting with him some matter of business between them. Further he testifies that upon entering the house, she told him that she was "in a family way" and that "if he quit her" she would kill him; that she at the time withdrew to the kitchen and came back with her hand in her coat; that just then some one made a noise, which frightened him, when he "hauled out his gun" and shot her in self-defense, not knowing what she was about to do, as he knew she always carried a razor.

For this shooting by the accused of Florence George, a colored woman, he was indicted by the grand jury of McCracken county under section 1166, Kentucky Statutes, charging him with the offense therein denounced of maliciously shooting and wounding with intent to kill, and which section provides a penalty therefor of from two to twenty-one years confinement in the penitentiary.

Upon submission of the case to the jury, upon the instructions of the court and this evidence in substance, it returned a verdict finding the accused guilty as charged and fixing his punishment at five years imprisonment.

From the judgment thereupon rendered, the accused has appealed, seeking a reversal of the judgment upon the grounds: (a) That the court's instructions were erroneous, (1) in failing to instruct on "all the law of the case," (2) in failing to instruct on assault and battery, and (3) that the court erred in giving instruction No. 2 by omitting the word "previous" before the word "malice"; and (b) because section 1166, Carroll's Kentucky Statutes, as amended by chapter 47, Acts of 1934, is unconstitutional, in that the title does not clearly describe the act.

In that the three objections to the court's instructions are in substance the same, and based upon the failure of the court to give an instruction on assault and battery, we will consider and dispose of them together.

We have uniformly held that where the evidence authorizes, it is error upon the part of the trial court to fail to instruct upon any of the lesser degrees of the offense charged in the indictment, or on any offense included in that charged in the indictment. Bethel v. Commonwealth, 80 Ky. 526; Logsdon v. Commonwealth, 215 Ky. 707, 286 S. W. 1067; Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781, and cases therein cited.

The language of section 1166, as amended by the Acts of 1934, c. 47, under which accused was here indicted, is:

"If any person shall willfully and maliciously shoot at another without wounding, * * * or shoot at and wound another with intention to kill him so that he does not die thereby * * * or shall willfully or maliciously cut, strike or stab another with a knife, sword or other deadly weapon with intention to kill, * * * he * * * shall be confined in the penitentiary not less than two nor more than twenty-one years."

The offense of assault and battery is a lower degree of and included in the offense denounced by this section. Commonwealth v. Heath, 99 Ky. 182, 35 S. W.

277, 18 Ky. Law Rep. 57; McWilliams v. Commonwealth, 35 S. W. 538, 18 Ky. Law Rep. 92; Riggs v. Commonwealth, 33 S. W. 413, 17 Ky. Law Rep. 1015. Also, the offense denounced by section 1242, Kentucky Statutes, of shooting in sudden affray or in sudden heat and passion, without previous malice, is a lower degree of this offense of malicious shooting and wounding with intent to kill, denounced in section 1166. Williams v. Commonwealth, 102 Ky. 381, 43 S. W. 455, 19 Ky. Law Rep. 1427.

However, it is rightly urged for the commonwealth that a shooting in sudden affray, as denounced in section 1242, is the only lower degree of the offense of malicious shooting and wounding. Section 1242 does not use the word "strike" as is used in section 1166.

In Commonwealth v. Hawkins, 11 Bush (74 Ky.) 603, where the offense charged was striking and wounding with a blacksmith's tongs, it was held that an assault and battery was a lower degree of the offense charged and that an instruction on that offense was proper, because the offense of maliciously striking was charged, as provided in section 1166.

Since, however, the accused was here indicted only for "malicious shooting and wounding" and not for "malicious striking," then whatever offense he was guilty of was for malicious shooting and wounding or for shooting and wounding without malice or in sudden affray, denounced by section 1242, as being a lower degree of the offense of *malicious* shooting and wounding. Such distinction and supporting reason for there denying an assault and battery instruction was thus stated in Lewis v. Commonwealth, 156 Ky. 336, 160 S. W. 1061:

> "True, to cut Burris with a knife was an assault and battery upon him, but for such an assault and battery the punishment is by statute, and those statutes punishing it are sections 1166 and 1242."

And for such reason it was held that no further instruction upon assault and battery was called for, as the particular act of assault and battery, to wit, malicious shooting, etc., and its lesser degree of shooting and wounding without malice were expressly described and provided for in their punishment by sections 1166 and 1242, Kentucky Statutes.

So here, while the accused's charged offense under the indictment was for the malicious shooting and wounding of Florence George, which was an assault and battery upon her, the punishment is definitely fixed by statutes for these particular forms and character of assault and battery with which defendant was here charged, and those statutes fixing the penalty for these distinct offenses of shooting and wounding maliciously or shooting and wounding without malice are sections 1166 and 1242. Coates v. Commonwealth, 235 Ky. 683, 32 S. W. (2d) 34; Marks v. Commonwealth, 223 Ky. 692, 4 S. W. (2d) 711; Harris v. Commonwealth, 218 Ky. 798, 292 S. W. 467; Volz v. Commonwealth, 236 Ky. 88, 32 S. W. (2d) 714.

As to the further criticism of instruction No. 2, that it was prejudicially erroneous for the reason that the court omitted therefrom the word "previous" before the word "malice," as used in this statute, in this we are unable to concur.

> The language of section 1242, Kentucky Statutes, is: "If any person shall, in a sudden affray, or in sudden heat and passion, without previous malice, and not in self-defense, shoot at without wounding, or shoot and wound another person, * * * he shall be fined not less than fifty nor more than five hundred dollars, or confined in the jail not less than six months nor more than one year, or both."

A comparison of the language of the two sections of the statutes clearly shows that malice is the element that distinguishes the offense of shooting in sudden affray (section 1242) from the higher offense of malicious shooting (section 1166). The instructions as given covered the offense of *malicious* shooting and the lesser offense, embraced in section 1166, of shooting and wounding without malice.

We are of the opinion that instructions Nos. 1 and 2 as given, even though the court failed to follow precisely the language of section 1242 in its instruction No. 2, nonetheless very clearly instructed the jury that the presence or absence of the element of malice, as moderating the shooting, was the distinction between the two offenses denounced by sections 1242 and 1166.

The applicable rule in such case is that the failure of the court to strictly follow the language of the stat-

ute, defining the offense, in its instruction upon the trial of defendant for that particular statutory offense, is not a ground for reversal provided the instruction as given embraced and conveyed the meaning of the statute. Hobson on Instructions to Juries, sec. 650; Watson v. Commonwealth, 23 S. W. 666, 15 Ky. Law Rep. 360. "It is only necessary that the evidence * * * should be confined to a statement of the acts constituting the offense as found in the statute." Commonwealth v. Hightower, 149 Ky. 563, 149 S. W. 971, 972. As here the evidence was only as to whether or not the admitted shooting was done with or without malice, as specifically so defined and penalized by sections 1166 and 1242, Kentucky Statutes, and as the criticized instruction given under section 1242 was that if the shooting was in sudden affray and without malice, the jury should find the accused guilty only of such lesser offense, the presence or absence of malice being the distinguishing element between the two degrees of the charged offense, we conclude that the omission of the qualifying word "previous" from the instructions was for such reason not misleading or prejudicial.

Further it appears that this precise question and contention here made by appellant was presented in the case of Howard v. Commonwealth, 71 S. W. 446, 24 Ky. Law Rep. 1301, and it was therein held that the omission in the court's instruction on section 1242, Kentucky Statutes, of the word "previous" before the word "malice," was not prejudicial.

Also, it is to be noted that self-defense instructions were here given, based on defendant's testimony that he shot prosecutrix in self-defense, which, considered with others given, adequately cover the whole law of the case and every state of case deducible from the testimony or supported by it.

We therefore conclude there is no merit in appellant's criticisms made of the instructions as given.

Next turning our attention to appellant's final contention, that the act is unconstitutional for the reasons stated supra, we find ourselves again unable to concur in the soundness of his grounds of attack.

Without here elaborating upon the points appellant urges in support of this contention, it is sufficient to say

that we, have repeatedly upheld the validity of this section by affirming judgments based upon offenses charged as committed in violation of its provisions.

More definitely directing our remarks to the appellant's contention that the repeal and re-enactment of this act (section 1166, Ky. Stats.) by chapter 47, Session Acts of 1934, is invalid, it may be noted that said amendment only changed the then existing act in respect to the penalty provided for its violation, by increasing the period of penitentiary confinement prescribed by the then act of one to five years to the longer period of two to twenty-one years. The title to chapter 47, 1934 Session Acts, here attacked as violative of section 51 of the Constitution, recited that it was:

> "An Act repealing and re-enacting Chapter 50 of the Acts of the General Assembly of the Commonwealth of Kentucky, as amended and re-enacted at the 1924 session, same being Section 1166 of the Baldwin's Kentucky Statutes, Carroll's 1930 Edition thereto."

Such descriptive title was in itself sufficient. Commonwealth v. McNutt, 133 Ky. 702, 118 S. W. 978, 980; Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114.

As said in the McNutt Case, supra:

> "It has been held in a number of cases that a statute may be amended by its title, and that a section of the Kenucky Statutes may be so amended. Ex parte City of Paducah, 125 Ky. 510, 101 S. W. 898 [31 Ky. Law Rep. 170], and cases cited."

Further, it is to be noted that the penalty provision of the 1934 act, increasing and extending that then provided of one to five years for the commission of the offense therein denounced to the longer term of two to twenty-one years, is the only change effected by the 1934 act, and that not by reference to its title only, but further that that part of it which is amended is re-enacted and published at length therein, as in such case required by the said section 51.

It being our conclusion, for the reasons hereinabove indicated, that the grounds urged for the reversal of the judgment are without merit, it follows that the judgment should be, and it is, affirmed.