**Johnnie SIMMONS and Wilmer Lucas, Jr., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1978.

Jack Emory Farley, Public Defender, Mark A. Posnansky, Asst. Public Defender, Commonwealth of Kentucky, Frankfort, for appellants.

Robert F. Stephens, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Simmons and Lucas appeal from a judgment of the Meade Circuit Court sentencing them to 30 days in the county jail and imposing a fine of $500.00 each for the crime of theft by unlawful taking. KRS 514.030. Appellants present two allegations of error. First, they contend that the trial court erred by failing to direct a verdict of acquittal when the Commonwealth offered insufficient evidence to corroborate the testimony of two accomplices who provided the only direct evidence of guilt. Appellants also contend that the court erred in overruling their motion requesting the court to furnish them with a transcript of testimony from an earlier mistrial. The motion was filed on January 9, 1978, and trial was held on February 6, 1978.

The appellants did not request a directed verdict at the close of all of the evidence. We are bound by *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (1977), which held that the question of sufficiency of the evidence is not preserved for review unless the *motion for a directed verdict is made or renewed at the close of all the evidence*. Once the defense has come forward with its proof, a motion for a directed verdict can only be tested in terms of all of the evidence. Furthermore, if no motion is made at such time, it cannot be said that the trial judge has been given an opportunity to pass on the sufficiency of all of the

evidence when it was finally submitted to the jury.

We have determined that a new trial should be granted, however, on the basis of the second allegation of error. The appellants' first trial on the indictment ended in a mistrial. The indigent appellants were represented by new counsel on the retrial, and the motion for a transcript of evidence from the mistrial was summarily overruled by the trial judge. An affidavit in support of the motion alleged that the transcript was necessary to prepare a proper defense for the appellants. The motion was renewed at the conclusion of the Commonwealth's evidence, when it appeared that some of the evidence might have been contradictory to that presented at the mistrial. This verbal motion at trial would have come too late for consideration, but under all of the circumstances in this case, the second motion adds some validity to the basis for the original pretrial request.

As to this issue, both sides rely on *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), in which the Court held that (1) an indigent is entitled to some form of the transcript of a mistrial in order to prepare for his new trial, but (2) any equivalent alternative to an actual transcript meets this requirement. It also appears that the burden of proof is on the Commonwealth to show the availability of some equivalent alternative. In this case, there was no showing by the Commonwealth or the trial court that any consideration was given to allowing the appellants to have any information regarding the mistrial. We, therefore, do not say that a transcript was necessary, but some alternative which would have given the appellants the desired information should have been provided. In *Britt*, the Court noted that because (1) the trial was only one month after the mistrial; (2) the attorneys knew the court reporter, and (3) the petitioner admitted that it would have been convenient to have simply asked the court reporter to read back any testimony he needed, a transcript was not required. In

this case, we have no information in the record to indicate what was or could have been provided to satisfy the needs of the appellants.

For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings.

All concur.