Johnny Lee STAMPS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 20, 1983.

Jack Emory Farley, Public Advocate, Edward C. Monahan, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Ronald C. Zellar, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant appeals from a 20-year total sentence for conviction of first degree robbery and two counts of sexual abuse. The sole issue before us is the alleged error of the trial court in denying a motion to dismiss on the grounds of double jeopardy.

The facts giving rise to this issue are that, at a previous trial of this appellant, his attorney had introduced a police officer as appellant's witness for the purpose of showing that appellant had voluntarily surrendered himself. On cross-examination, the prosecution asked if the appellant had made any statement at the time of his surrender. Before answer was made, appellant objected, which objection was sustained, and, in chambers, appellant moved for a mistrial. This motion was granted and appellant now contends that jeopardy attached.

The general rule, in both federal cases and cases in this jurisdiction, is that a defendant's motion for mistrial removes

any double jeopardy bar to retrial. *See Commonwealth v. Lewis,* Ky., 548 S.W.2d 509, 510 (1977), and *U.S. v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). In previous opinions of the Supreme Court of the United States, a narrow exception was carved out, to wit, the bar of double jeopardy does not apply where the prosecutor deliberately and intentionally provoked the motion by the defendant, or where the conduct of the prosecutor constituted an overreaching or harassment.

In a recent case, the United States Supreme Court has held that the "overreaching" and "harassment" standards are too difficult to apply, and have narrowed the exception to the general rule even further. In *Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416, 427 (1982), the court stated:

> We do not by this opinion lay down a flat rule that where a defendant in a criminal trial successfully moves for a mistrial, he may not thereafter invoke the bar of double jeopardy against a second trial. But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

It is our opinion that this should also apply to the double jeopardy clause in the Constitution of Kentucky.

We further note that the Commonwealth relied herein on the case of *Luna v. Commonwealth,* Ky.App., 571 S.W.2d 88 (1977). We do not construe this case to mean that questions concerning the failure of an accused to make a statement at the time of arrest are not reversible error if propounded to someone other than the accused.

The trial judge having been present at both trials and having determined that intentional provocation was absent, the judgment is affirmed.

All concur.