**Larry James MACKLIN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1984.

Discretionary Review Denied April 24, 1985.

---

J. David Niehaus, Daniel T. Goyette, Louisville, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, HOWARD and LESTER, JJ.

LESTER, Judge.

This is a criminal case in which Larry Macklin appeals from a judgment convicting him of second-degree burglary. He alleges three grounds for reversal: (1) that the jury was not properly instructed; (2) that the court erred in refusing his request for a transcript of the first trial; and (3) that the court erred in overruling appel-

lant's motion to dismiss on the grounds of former jeopardy.

On October 18, 1982, the Jefferson County Grand Jury returned an indictment charging appellant with second-degree burglary. On March 9, 1983, a jury found him guilty and sentenced him to five years' imprisonment. However, this verdict was set aside and Macklin was granted a new trial on the basis that certain information should have been disclosed by the Commonwealth prior to trial. The granting of a second trial is not questioned on appeal; however, Macklin's counsel at the second trial, not being the same attorney who had represented him in the first proceeding, appeals from the court's denial of his motion to obtain a transcript of the first action.

As to this issue, both sides rely on *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). In *Britt,* the Supreme Court held that (1) an indigent is entitled to some form of transcript of a mistrial in order to prepare for his new trial, but (2) any equivalent alternative to an actual transcript meets this requirement. That case also established that the burden of showing that the alternative is adequate rests upon the Commonwealth.

This court has been able to find only two Kentucky cases which have previously addressed the question of whether an alternative was equivalent to an actual transcript.

In *Cardine v. Commonwealth,* Ky., 623 S.W.2d 895 (1981), our Supreme Court held that a narrative statement of trial proceedings was an adequate substitute for the transcript, itself. The statement, in *Cardine,* was agreed upon by both parties and prepared through the joint cooperation of the trial judge, defense counsel, appellant, and the prosecutor.

In *Simmons v. Commonwealth,* Ky. App., 576 S.W.2d 253 (1978), this court held that the Commonwealth failed to meet its burden of showing the availability of some equivalent alternative to the trial transcript which was denied the appellant.

Neither of these cases address whether a tape recording is an adequate alternative device. Appellee, in his brief, directed our attention to *U.S. v. Vandivere,* 579 F.2d 1240 (10th Cir.1978), where that court held that a tape recording fulfilled the same functions as a written transcript. However, even appellee admits that in *Vandivere,* the transcript was not of a prior trial but of a preliminary examination; the same counsel represented the defendant; and only 18 days elapsed between the two events.

In the case at bar, there were two trials, separated in time by approximately seven months, with different attorneys representing the defendant at the two proceedings. If we must look to cases from other jurisdictions, we believe *U.S. v. Jonas,* 540 F.2d 566 (7th Cir.1976), presents a closer analogy.

The indigent appellant was represented by new counsel at the retrial, as was also the case in *Jonas, supra,* and *Simmons,* supra. The motion for a transcript of evidence from the first trial was summarily overruled. Appellant's counsel at the second trial informed the court that the tapes were not completely audible and that he had no way of locating, with any simplicity, portions of testimony. We believe, based on all of the circumstances of this case, that a new trial should be granted. In so deciding, we quote from the *Jonas* opinion cited herein:

> By our decision today we do not establish a per se rule that the government must provide a transcript following a mistrial. Under *Britt* there still may be available "an informal alternative which appears to be substantially equivalent to a transcript." However, in the overwhelming majority of cases we do not perceive that tape recordings or judicial notes will suffice. Admittedly there may be some trials where the testimony is short, simple and straightforward so that the preparation of a transcript would be unnecessary. Or there may be collateral proceedings where a transcript is not required. But in the difficult cases we

encourage the policy of ordering a free transcript as the best alternative. Mistrials are not that plentiful so that requiring a transcript would place an unusual cost or burden upon the administration of criminal justice. (Footnotes omitted). *Jonas*, 540 F.2d at 573.

Having thus determined that appellant Macklin is entitled to a new trial, we now turn to his claim that the second trial was barred by the prohibitions against double jeopardy.

Both parties again point to the same case as support for their respective positions. *Stamps v. Commonwealth*, Ky., 648 S.W.2d 868 (1983), set out the standard for applying the double jeopardy clause of the Kentucky Constitution. That case adopted the language of *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416, 427 (1982), wherein the court held that:

> the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was *intended to provoke* the defendant into moving for a mistrial. (emphasis added)

██ Our review of the record reveals that there was no intentional prosecutorial provocation which would invoke the bar of double jeopardy. The trial judge was present at the proceedings below and made specific findings that the Commonwealth acted in good faith and that intentional provocation was absent. *Stamps, supra.* These findings will not be set aside unless clearly erroneous. *Robinson v. Wade*, 686 F.2d 298, 309 (5th Cir.1982); *Hoffman v. Russell Sav. & Loan*, Ky., 390 S.W.2d 644 (1965). For the above reasons, we do not find that retrial is or was barred.

Appellant's final argument is based on the trial court's refusal to give an instruction on receiving stolen property under $100. The trial judge based his decision on the facts that the value of the property had not been testified to, no evidence was presented to support such an instruction and opined that receiving stolen property is not a lesser included offense of burglary.

██ Neither side put on any evidence as to the value of the property that was stolen. Macklin correctly points out that the burden is on the Commonwealth to prove the value of the property received in a prosecution for that charge. *Lee v. Commonwealth*, Ky.App., 547 S.W.2d 792 (1977). However, this was not a prosecution for receiving stolen property, but rather the indictment charged appellant with burglary in the second-degree and complicity under KRS 511.030 and KRS 502.020. Receiving stolen property is a separate offense and not a lesser included offense of burglary. In fact, the Supreme Court has held that an individual may be convicted of both of these crimes if he is charged with those in the indictment. *Sebastian v. Commonwealth*, Ky., 623 S.W.2d 880 (1981). If such an action had happened here, appellant would most likely be protesting that result on appeal. Instructions should only present the law applicable to the facts proven and no theory of the case which is unsupported by the evidence is entitled to an instruction. *Pilon v. Commonwealth*, Ky., 544 S.W.2d 228 (1976); *Blaine v. Commonwealth*, Ky., 459 S.W.2d 759 (1970). We do not find the trial court's determination that the evidence did not justify such an instruction to be in error.

Accordingly, the judgment must be reversed and a new trial granted the appellant.

All concur.