**Gabriel PRINCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 96–CA–0709–MR.

Court of Appeals of Kentucky.

Oct. 17, 1997.

Rehearing Denied Dec. 19, 1997.

Discretionary Review
Denied by Supreme Court March 17, 1999.

---

Bruce P. Hackett, Deputy Appellate Defender, Frank W. Heft, Jr., Chief Appellate Defender, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Frankfort, for appellee.

Before BUCKINGHAM, DYCHE and GUIDUGLI, JJ.

## OPINION

BUCKINGHAM, Judge.

Gabriel Prince (Prince) appeals from a final judgment of the Jefferson Circuit Court wherein he was convicted of attempted murder of a police officer and sentenced to 16 years' imprisonment. He claims that the trial court erred by giving improper written jury instructions, but we affirm for the reasons set forth hereinafter. We will relate only the relevant facts.

Jefferson County Police Officer Malcolm Patterson (Patterson) attempted to arrest Prince on two outstanding bench warrants. As Prince was being escorted to the police cruiser, he fled. Patterson pursued Prince and caught him when Prince tried to climb a fence. A wrestling match ensued, and Patterson testified that Prince pulled the pistol from Patterson's holster, pointed it at Patterson's face, and fired it. On the other hand,

Prince testified that Patterson got on top of him and pointed the pistol at his face but that he pushed it away, at which time it went off. Regardless, Patterson received a gunshot wound to his ear which required stitches. Patterson then regained control of the gun and pointed it at Prince until additional police officers arrived at the scene.

Prince was indicted and tried for the offense of the attempted murder of Patterson. The trial court instructed the jury on the principal offense of attempted murder, the lesser offenses of second-degree assault and third-degree assault, and self-protection. After Patterson was found guilty of attempted murder and was sentenced to 16 years' imprisonment, he filed this appeal.

Prince's first argument is that the trial court erred in refusing to instruct the jury on a lesser included offense of attempt to commit first-degree manslaughter. KRS 507.030(1) provides:

A person is guilty of manslaughter in the first degree when:

(a) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or

(b) With intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020.

Since Prince made no claim of extreme emotional disturbance, KRS 507.030(1)(b) is not applicable.

■ Prince contends that the jury should have been instructed on attempt to commit first-degree manslaughter as a lesser included offense of attempted murder, since the jury could have concluded that Prince did not intend to kill Patterson but intended only to cause him serious physical injury. The argument is without merit. To be criminally liable for an attempted crime under KRS 506.010, a person must intend to commit the crime and take a substantial step toward the commission of it. To be guilty of first-degree

manslaughter under KRS 507.030(1)(a), a person must intend to "cause serious physical injury to another person," but the actions taken to cause that serious physical injury must actually kill the person. Combining the two statutes, a person would have to, intending only to cause serious physical injury, take an intentional, substantial step toward causing an unintentional, unanticipated death, yet not actually cause death. Such would require an intention to commit an unintentional act.

■ Perhaps the most succinct analysis of this situation was expressed by the statement that "[t]here is no such criminal offense as an attempt to achieve an unintended result." *People* v. *Viser*, 62 Ill.2d 568, 343 N.E.2d 903, 910 (Ill.1975). Just as in the case of *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977), the first lesser included offense under attempted murder in facts such as these is second-degree assault and not first-degree manslaughter.

Prince next contends that the trial court erred when it refused to instruct the jury that the erroneous belief in the need for self-protection could result in a conviction for third-degree assault or fourth-degree assault rather than attempted murder. On the other hand, the Commonwealth contends that the trial court was not required to give any self-protection instruction. KRS 503.120(1) states in relevant part that:

When the defendant believes that the use of force upon or toward the person of another is necessary . . . but the defendant is wanton or reckless in believing the use of any force, or the degree of force used, to be necessary . . ., the justification afforded by those sections [KRS 503.050–503.110] is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.

Although the trial court gave a self-protection instruction which advised the jury that self-protection was a defense to attempted murder and assault in the second degree, the instruction did not contain additional language as requested by Prince that if his belief in the need for self-protection was unreasonable, the jury could convict him of

assault in the third degree or assault in the fourth degree. He relies on KRS 503.120 and *McGinnis v. Commonwealth*, Ky., 875 S.W.2d 518 (1994).

■ We agree with the Commonwealth that a self-protection instruction was unnecessary. KRS 503.060(1) states that the use of physical force by a defendant upon another person is not justifiable when "[t]he defendant is resisting an arrest by a peace officer, recognized to be acting under color of official authority and using no more force than reasonably necessary to effect the arrest, although the arrest is unlawful...." Prince contends that this statute is not applicable since he believed that Patterson was using more force than reasonably necessary to effect the arrest. However, Prince, who admitted that he was under the influence of crack cocaine which made him feel paranoid, testified that Patterson pulled him off the fence to the ground, got on top off him, and put his gun in his face saying, "Don't move, Mother F_ _ _ _ _, I will shoot you." Prince testified that he then pushed the gun away and it went off and injured Patterson. These facts are not sufficient to indicate that Patterson used more force than reasonably necessary to effect the arrest so as to cause an "imperfect self-protection" instruction to be submitted to the jury. KRS 503.090(1).

Prince's third argument is that the trial court erred in substituting the word "intended" for "planned" in the attempted murder instruction. KRS 506.010(1)(b) states that:

A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he:

....

(b) Intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct *planned* to culminate in his commission of the crime. (Emphasis added.)

The trial court substituted the word "intended" for "planned" at the Commonwealth's request. The Commonwealth argued to the trial court that the substitution was necessary to eliminate the possibility that the jury might conclude that attempted murder requires premeditation rather than simple intent.

■ We agree that "statutory offenses should be charged in the indictment, and submitted by the instructions in the language of the creating statute...." *Denham v. Commonwealth*, 300 Ky. 531, 533, 189 S.W.2d 738 (1945). However, it has also been held that

the failure of the court to strictly follow the language of the statute, defining the offense, in its instruction upon the trial of defendant for that particular statutory offense, is not a ground for reversal provided the instruction as given embraced and conveyed the meaning of the statute.

*Caldwell v. Commonwealth*, 265 Ky. 402, 406–07, 96 S.W.2d 1041 (1936).

■ Although better practice would have been to follow the language of the statute, we find that the instruction as given sufficiently "embraced and conveyed the meaning" of KRS 506.010.

The final argument raised by Prince is that the trial court erred by not instructing the jury on the offenses of first- and second-degree wanton endangerment as alternative instructions to the attempted murder instruction and not as lesser included offenses. He relies on *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988), which states:

Where the evidence is such that the jury could come to any of several conclusions, the trial court is required to submit the instructions on the various alternatives. *Pace v. Commonwealth*, Ky., 561 S.W.2d 664, 667 (1978). The right to instructions embodying an alternative offense, which is the defendant's theory of the case, is not accommodated by an instruction that the defendant will be found not guilty if the Commonwealth has failed to prove the offense charged in the indictment beyond a reasonable doubt.

*Id.* at 549.

■ "Instructions should only present the law applicable to the facts proven and no theory of the case which is unsupported by the evidence is entitled to an instruction." *Macklin v. Commonwealth*, Ky.App., 687

S.W.2d 540, 542 (1984). As it is absolutely clear that Patterson suffered physical injury, Prince was not entitled to alternate instructions for first- and second-degree wanton endangerment. Unlike the instructions given in *Sanborn, supra,* the instructions as given in this case were consistent with Prince's theory.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.