**Thomas Henry WHALEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–000699–MR.

Court of Appeals of Kentucky.

June 9, 2006.

Discretionary Review Denied by Supreme Court Nov. 15, 2006.

Samuel N. Potter Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Kristin N. Logan, Assistant Attorney General, Frankfort, KY, for appellee.

Before BARBER, KNOPF, and MINTON, Judges.

## OPINION

MINTON, Judge.

A Clark Circuit Court jury convicted Thomas Henry Whalen of first-degree robbery, and the court sentenced him to fifteen years' imprisonment. We affirm on direct appeal.

A man entered the Fast Stop Chevron in Winchester, Kentucky; approached the register; and told the cashier, Rose Newman, "I want all your f-ing money." The man also pointed some type of object at Newman and stated, "I'll blow all your all's f-ing heads off." Newman put the cash drawer on the counter, and the robber removed the contents. As the robber turned to leave, Newman pressed the panic button. When Sergeant Kevin Palmer of the Winchester Police Department arrived a short time later, he asked Newman if the robber was armed. Newman told him that the robber had "something" in his hand. Palmer then viewed the store's surveillance video and recognized Whalen as the robber.

The next day, Whalen turned himself in and, after being informed of his rights, confessed to the robbery. But Whalen denied having a weapon at the time he committed the robbery. Instead, he told Sergeant Palmer that the object Newman saw was a glove. And the Commonwealth does not argue to the contrary.

Whalen raises three issues before us. First, he contends that the trial court erred by not granting his motion for a directed verdict on the first-degree robbery charge. Second, he contends that the trial court erred by permitting Sergeant Palmer to relate to the jury out-of-court statements Rose Newman made to him. Finally, Whalen argues that the trial court's first-degree robbery instruction was erroneous. We will discuss each argument separately.

According to Whalen, he was entitled to a directed verdict on the first-degree robbery charge because the Commonwealth failed to prove that he was, in fact, armed with a deadly weapon or dangerous instrument at the time of the robbery. The Commonwealth counters that Whalen failed to preserve this argument for appellate review. We will not belabor our analysis of the Commonwealth's preservation argument because Whalen's argument simply fails on its merits.

 The current state of the law is that "[r]eference to a deadly weapon coupled with a contemporaneous demand for money or other valuables is sufficient to withstand a motion for directed verdict of acquittal on a charge of first-degree robbery."[1] There is no requirement that the would-be robber actually possess a gun or other deadly weapon because the case law regarding first-degree robbery holds that "any object that is intended by its user to convince the victim that it is a pistol or other deadly weapon and does [so] convince him *is* one."[2] And, in the case at hand, Newman testified that Whalen demanded money, pointed an object at her, and threatened to blow her head off. This evidence was sufficient to withstand Whalen's motion for directed verdict of acquittal.

 Next, Whalen contends that the trial court erred by permitting Sergeant Palmer to repeat for the jury statements made to him by Newman. Specifically, Whalen objects to Sergeant Palmer's stating that he asked Newman if the robber was armed, to which Newman answered

1. *Dillingham v. Commonwealth*, 995 S.W.2d 377, 380 (Ky.1999).

2. *Merritt v. Commonwealth*, 386 S.W.2d 727, 729 (Ky.1965).

that he had "something" in his hand. The Commonwealth pressed further by asking the sergeant if Newman had told him that the "something" was a weapon, to which Palmer responded affirmatively. According to Whalen, Sergeant Palmer's repeating of Newman's statements was inadmissible hearsay offered to bolster Newman's impeached testimony. The definition of hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[3] And, in the case before us, the Commonwealth does not argue that the challenged portion of Sergeant Palmer's testimony is not hearsay. So the out-of-court statements should have been excluded, unless they fall within one of the recognized exceptions to the hearsay rule.[4]

The Commonwealth contends that the testimony at issue falls within the hearsay exception set forth at KRE 801A(a)(2), which provides that:

> A statement is not excluded by the hearsay rule, even though the declarant is available as a witness, if the declarant testifies at the trial or hearing and is examined concerning the statement, with a foundation laid as required by KRE 613, and the statement is:
>
> . . .
>
> (2) Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]

According to the Commonwealth, Whalen's cross-examination of Newman concerning her grand jury testimony to the effect that Whalen did not have a weapon contradicted her in-court testimony, which opened the door to the introduction of prior consistent statements. Whalen counters that Sergeant Palmer's recollection of Newman's prior statements does not qualify for the hearsay exception under KRE 801A(a)(2) because the rule requires that the prior consistent statement be admitted into evidence through the impeached declarant rather than a third party. The appellate courts of this state have not had occasion to rule upon this issue. Thus, we turn to the federal courts for guidance.

■■■ Although Whalen's argument would appear to be supported by the wording of KRE 801A(a)(2), the federal courts have unanimously taken a position advanced here by the Commonwealth.[5] According to the federal courts, testimony of a prior consistent statement may be elicited from someone other than the declarant if the person testifying has personal knowledge of the prior consistent statement and if the declarant testifies at the trial and is subject to cross-examination about the prior statement.[6] In the case at hand, it does not appear that Newman was actually cross-examined concerning the challenged statement she made to Sergeant Palmer. But actual cross-examination of Newman, the declarant, concerning the challenged statement is not required. Rather, the cross-examination requirement is satisfied so long as the declarant is merely subject to being recalled as a wit-

---

**3.** Kentucky Rules of Evidence (KRE) 801(c).

**4.** *See* KRE 802.

**5.** *See United States v. Green*, 258 F.3d 683, 692 (7th Cir.2001) (collecting cases and holding that "[Federal] Rule 801(d)(1)(B) does not bar the introduction of a prior consistent statement through the testimony of someone other than the declarant, so long as the declarant is available for cross-examination about the statement at some time during trial.").

**6.** *Id.*

ness.[7] Since there is no indication that Newman was not subject to recall as a witness, then the fact that she was not actually cross-examined by Whalen's counsel is immaterial.

After closely examining the arguments and the relevant authority, we conclude that the unanimous opinion of the federal courts regarding the admissibility of statements like the one at issue in this case is a correct statement of the law. So the Commonwealth's argument that Newman's statement to Sergeant Palmer falls within KRE 801A(a)(2)'s exception to the hearsay rule is correct. Accordingly, the trial court did not err in admitting the challenged testimony.

■ Finally, we turn our attention to Whalen's claim that the instruction the trial court gave the jury on first-degree robbery was erroneous. The instruction at issue is as follows:

You will find the defendant guilty of First–Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about September 25, 2004, he stole from Fast Trade Chevron;

B. That in the course of so doing and with intent to accomplish the theft, he threatened the immediate use of physical force upon Rose Newman while asserting he was armed with a deadly weapon or dangerous instrument;

AND

C. That said weapon or instrument was a dangerous instrument or deadly weapon as defined in Instruction No. 5.

Instruction No. 5 defined a dangerous instrument as "any object that is intended to convince the victim that it is a deadly weapon or dangerous instrument, and which does so convince the victim."

■ The instruction at issue is similar to those set forth in Cooper's model jury instruction book.[8] However, Cooper's model instruction does not contain the "while asserting he was armed" clause. According to Whalen, that "while asserting" clause is in neither the statutes nor the case law; and it allowed the jury to convict him of first-degree robbery even though no deadly weapon or dangerous instrument was "involved" in the crime. A deadly weapon or dangerous instrument must be involved in the commission of the offense of first-degree robbery because "[t]hat which separates first and second-degree robbery is (physical injury or) the involvement of either a weapon which by its very nature is deadly or an instrument which can be so employed." [9]

■ Again, we note that there is no indication that Whalen actually possessed a firearm or any other object that one would normally deem a deadly weapon or dangerous instrument. But Whalen did possess a glove, which he pointed at Newman while threatening to shoot her in the head. Newman further testified that she was frightened and believed that the glove may have been a weapon. Thus, though it is contrary to the normal usage of the term, the glove may constitute a deadly weapon under the theory that "any object that is intended by its user to convince the victim that it is a pistol or other deadly

7. See, e.g., United States v. Piva, 870 F.2d 753, 758 (1st Cir.1989).

8. See 1 Cooper, Kentucky Instructions to Juries (Criminal) § 6.15 (Revised 4th ed.1999).

9. Williams v. Commonwealth, 721 S.W.2d 710, 711–712 (Ky.1986).

weapon and does [so] convince him *is* one." [10]

We agree with Whalen that the "while asserting" language is not found in either the relevant statutes or cases. While safer practice is for an instruction to track the language in the statutes, the fact that an instruction does not parrot the exact language of the statute is not, in and of itself, erroneous.[11] Thus, the giving of an instruction that does not use the exact language contained in the relevant statute or model instruction "is not a ground for reversal provided the instruction as given embraced and conveyed the meaning of the statute."[12] Our task, therefore, is to determine if the insertion of the "while asserting" clause caused the instruction to fail to embrace and convey the meaning of KRS 515.020.

Whalen contends that the "while asserting" language allowed the jury to convict him of first-degree robbery even though he did not, in fact, possess a deadly weapon or dangerous instrument. We agree but find that such action is in accordance with Kentucky Supreme Court precedent. In fact, as noted previously, our Supreme Court has held that all that is necessary to support a conviction for first-degree robbery is a demand for money and a threat of immediate physical harm by use of a deadly weapon or dangerous instrument.[13]

In addition, the Kentucky Supreme Court held that a defendant's mere assertion that he was armed was sufficient to support a first-degree robbery conviction in *Swain v. Commonwealth*[14] and *Shegog v. Commonwealth*.[15] Thus, the mere possibility that the "while asserting" clause could have permitted the jury to find Whalen guilty of first-degree robbery despite the fact that he did not actually possess a deadly weapon or a dangerous instrument is not a reversible error.

If the "while asserting" clause had been deleted, the instruction would have required the jury to find that Whalen "threatened the immediate use of physical force upon Rose Newman with a deadly weapon or dangerous instrument," which is in accordance with *Swain, Dillingham,* and *Shegog.* Thus, while we understand why the trial court inserted the "while asserting" clause, we believe the clause does not do violence to the meaning of KRS 515.020; but, since it also adds nothing of substance, it is merely surplusage.

We sympathize with the trial court's plight in trying to determine how properly to instruct this jury. The reported cases from our appellate courts involving first-degree robbery charges are so fact-specific as to be, frankly, potentially confusing and, at times, seemingly contradictory.[16] But

---

10. *Merritt,* 386 S.W.2d at 729.

11. *See, e.g., Caldwell v. Commonwealth,* 265 Ky. 402, 96 S.W.2d 1041 (1936); *Godby v. Commonwealth,* 491 S.W.2d 647 (Ky.1973).

12. *Caldwell,* 96 S.W.2d at 1043.

13. *Dillingham,* 995 S.W.2d at 380.

14. 887 S.W.2d 346 (Ky.1994) (holding that defendant was properly convicted of first-degree robbery when he referred to a gun and demanded money, even though the store clerk saw no evidence of the gun, but was not properly convicted of first-degree robbery in another instance when he made a demand for

money and menacing gestures but kept his hands in his pocket and made no mention of a gun.).

15. 142 S.W.3d 101, 109–110 (Ky.2004) (defendant was properly convicted of first-degree robbery when he entered a gas station, grabbed a customer, stated he had a gun and demanded money, despite the fact that the Commonwealth never proved that the defendant actually had a gun.).

16. *Compare Williams,* 721 S.W.2d 710 (holding that the defendant was entitled to a directed verdict on the first-degree robbery charge when the evidence showed that he reached

as we synthesize the cases, we believe that the pattern instruction contained in Cooper's model jury instruction treatise adequately deals with the unique fact pattern of this case. Had that instruction been used, the jury would have had to find, among other things, that Whalen threatened the immediate use of physical force upon Newman with a dangerous instrument and that the glove was a dangerous instrument because Whalen used it, successfully, in a manner intended to convince Newman that it was a dangerous instrument. Such an instruction would have been consistent with *Swain, Dillingham,* and *Shegog.*

■ However, the only notable difference between Justice Cooper's model instruction and the one given by the trial court is that the trial court's instruction highlighted the fact that Whalen only asserted that he possessed a dangerous instrument when, in fact, he did not actually possess one, under the common usage of the term. Under our settled law, "not only error but injury must be shown to justify a reversal for error in the instructions." [17] We think it is manifest that Whalen suffered no prejudice from the extraneous "while asserting" clause because that clause's only purpose was to conform to *Swain, Dillingham,* and *She-*

*gog.* Accordingly, since Whalen has not shown how the addition of the legally correct "while asserting" phrase in the instruction caused him to suffer a demonstrable injury, we find that the instruction at issue adequately embraces and conveys the meaning of KRS 515.020, meaning that it contains, at most, a harmless error. [18]

For the foregoing reasons, the judgment of the Clark Circuit Court is affirmed.

ALL CONCUR.

---

toward his back pocket and threatened a clerk's life; and there was a visible bulge in the robber's hip pocket, which the store clerk believed might have been a weapon), *with Lambert v. Commonwealth,* 835 S.W.2d 299 (Ky.App.1992) (holding that a defendant was properly convicted of first-degree robbery when he gave a bank teller a note demanding money and showed what appeared to be the butt of a gun in his waistband, even though there was no verbal threat of harm to the teller; and, furthermore, the object believed to be a gun was not), *and Dillingham,* 995 S.W.2d at 379–380 (holding that defendant was properly convicted of first-degree robbery by merely stating that he had a gun; keeping his hands in his pocket; and handing a bank

teller a note saying, "[t]his is a robbery. Don't push any buttons or call the police."), *and Swain, supra,* and *Shegog, supra.*

17. *Deaton v. Commonwealth,* 288 Ky. 246, 156 S.W.2d 94, 100 (1941).

18. Justice Cooper's instruction manual also provides that the dangerous instrument allegedly used in the robbery should be specifically identified. *See* 1 COOPER, KENTUCKY INSTRUCTIONS TO JURIES (CRIMINAL) § 6.15. But Whalen has not raised this issue; and, furthermore, since the parties agree that Whalen possessed a glove, we find to be harmless error the failure to identify the glove specifically.