# Williams v. Commonwealth.

Feb. 27, 1942.

E. K. Walker and C. Eubank Tucker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Robert Williams, a negro, appeals from a judgment sentencing him to death for the rape of Mrs. Virgie Wigginton, a white woman.

On April 16, 1941, Mrs. Wigginton and her husband

went from Louisville to Lexington, where the husband, who was a baker, was endeavoring to obtain a position in a bakery. They arrived late in the evening and, after contacting the bakery, found that they did not have a room in which to spend the night. An employee of the bakery turned over his room to the couple for the night. The room was on the ground floor of a boarding house on Market Street in Lexington. After going to the room the husband returned to the bakery and Mrs. Wigginton retired.

Mrs. Wigginton testified that after she had gone to sleep she felt someone touch her ankle; thinking it was her husband, she called him by name, whereupon the appellant grabbed her by the throat and threatened to kill her if she made a sound; appellant continued to hold her by the throat and, although she continued to struggle, accomplished his purpose of ravishing her, after which he demanded to know where her money was. She then told appellant she heard her husband coming and he went out the window.

Immediately after appellant left the room Mrs. Wigginton ran out and notified the landlady and another woman living in the house of what had happened. These two women testified that Mrs. Wigginton was in a highly nervous and excited condition. They immediately called the police and two policemen arrived on the scene in about three minutes. They arrested appellant near the window through which he had entered Mrs. Wigginton's room. The two policemen and the two women in the house testified that there were red marks on each side of Mrs. Wigginton's neck, thus confirming her testimony that appellant held her by the throat. On the way to jail appellant informed the police that he had gone to the house looking for money and that after he entered the room Mrs. Wigginton consented for him to have intercourse with her, which he did. On the next morning he signed a statement to this effect. On the trial he repudiated the portion of the statement to the effect that he went to the house for the purposes of robbery and testified that as he was passing near the window he was called by Mrs. Wigginton and invited to come through the window and have intercourse with her. He further testified that the police officers threatened him and used violence to compel him to make the statement. This was denied by the police officers and it is apparent from the

evidence that there was little, if any, foundation for this claim. In any event the jury was appropriately instructed not to consider the statement if it was secured by force or by plying with questions.

The principal grounds urged for reversal are 1) that the verdict was flagrantly against the evidence 2) that the court failed to instruct the jury on all the law of the case and 3) that the court erred in admitting incompetent evidence.

It is not argued with any degree of earnestness that the evidence was insufficient to sustain the conviction. The statement of the substance of the evidence renders it apparent that the evidence was ample to sustain the conviction and the extreme penalty imposed. In fact, the evidence overwhelmingly indicates that Mrs. Wigginton gave the true version of what occurred. Appellant, in numerous instances in his testimony, by unguarded statements gave indications of the truth of Mrs. Wigginton's testimony and the falsity of his own. The contention of the insufficiency of the evidence is wholly and completely without merit.

Equally without merit is the contention that the court failed to give the whole law of the case when instructing the jury. It may be pertinent to remark that the brief fails to point out any error in the instructions or any particular in which the court failed to give proper instructions. As a matter of fact, the instructions were unduly favorable to appellant since the jury were instructed on detaining a woman against her will in violation of Kentucky Statutes, Section 1158 and on assault and battery. Since appellant admitted the intercourse, the only issue before the jury (on the main question) was whether the intercourse was with or without the consent of Mrs. Wigginton. Instructions are not required to be given on matters about which there is no issue presented to the jury. Luttrell v. Com., 250 Ky. 334, 63 S. W. (2d) 292; Muncy v. Com., 265 Ky. 730, 97 S. W. (2d) 606; Hurst v. Com., 284 Ky. 599, 145 S. W. (2d) 520; Sizemore v. Com., 285 Ky. 499, 148 S. W. (2d) 341.

The complaint as to incompetent evidence arises as follows. After both sides had closed in chief, Keen Daingerfield, the City Attorney of Lexington, testified as to appellant's physical appearance at the time of his arraignment in police court, the day after the crime oc-

curred. Appellant had testified that he had been beaten by the officers and was bruised and cut about the head and face. Mr. Daingerfield, in contradiction of appellant, testified that he was not bruised and cut and that he showed no signs of mistreatment. He also testified that appellant stated in police court that he went to the house where the crime occurred for the purpose of burglarizing it. It is argued, first, that this testimony, if competent, should have been given in chief and not in rebuttal. We find no merit in this argument. That portion of the testimony contradicting appellant's testimony that he was beaten by the officers was purely and simply rebuttal testimony and that portion with reference to the statement made by appellant was made necessary by the fact that appellant's testimony on the trial varied from the written statement he had made to the effect that he went to the house for the purpose of getting money. The court has a wide latitude in the admission of rebuttal evidence and properly admitted this testimony.

It is argued with great earnestness, however, that the trial court committed serious and prejudicial error in admitting this testimony by Mr. Daingerfield for the reason that it was in contradiction of appellant, who was not inquired of concerning it, with the circumstances of time, place and persons present as required by Section 598 of the Civil Code of Practice, and, further, that the jury should have been admonished that it was not substantive evidence but could be considered only for the purpose of impeaching the credibility of appellant as a witness. This contention is as lacking in merit as all others raised on this appeal. We have consistently held that any statement in the form of a confession or admission made by the defendant is provable as substantive evidence without the laying of a foundation by first asking the defendant concerning it. Taylor v. Com., 256 Ky. 667, 76 S. W. (2d) 923; Wireman v. Com., 267 Ky. 304, 102 S. W. (2d) 34.

In view of the gravity of the penalty ordered to be inflicted on appellant we have searched the record to ascertain if any error was made and we have been unable to find a single instance of error against him. He had a fair and impartial trial and the evidence overwhelmingly indicates that he is guilty.

Judgment affirmed.

Whole Court sitting.