Tommy STEVENS, Sr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1970.

Michael Conover, Pennington, Conover, Barrett & Hensley, Harrodsburg, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Tommy Stevens, Sr., was convicted of the offense of willfully and maliciously shooting at another without wounding him. KRS 435.170. He was sentenced to confinement in the penitentiary for a term of two years.

On this appeal he claims that (1) he was entitled to a directed verdict because the evidence was not sufficient to sustain the verdict (2) the instructions were erroneous and (3) the court committed various errors relating to the admissibility of evidence.

On August 17, 1968, the Sheriff of Pulaski County, Sherman Hansford, about 10:00 P.M. received a call from the Chief of Police of the city of Burnside seeking assistance in serving a warrant of arrest upon appellant who had threatened to "shoot the fellow that come to arrest him." Sheriff Hansford and other officers went to the Stevens home but appellant was not present. The sheriff and his deputy, Ray Hunt, awaited appellant's return, attempting to conceal themselves behind some tall weeds at the edge of the road located in front of appellant's home.

Near midnight the appellant and his wife returned. When, they had approached within approximately sixty feet of their house, appellant's sister, returning home from her work, stopped her automobile in the roadway where appellant and his wife were walking. The headlamps of this automobile lighted the roadway forward to the point where the officers were standing behind the weeds.

The sheriff stepped out from behind the weeds into the light and immediately thereafter a shotgun was fired. The shot hit the ground within a foot of where the sheriff was standing. The sheriff testified that the appellant fired the shot from a position immediately to the rear of the car where he was illuminated by the car's brake lights.

The sheriff immediately crossed the road and proceeded down a ditch beside the

road toward appellant. He testified that appellant raised the shotgun, pointed it directly at him and attempted to fire again but the gun snapped. The weapon was an old double-barrelled hammer-type shotgun which required that the hammers be cocked before the gun could be fired. When the gun was recovered from the weeds by the roadside, it contained one spent shell and one shell which showed the marks of having been struck by the firing pin but which had not discharged.

The testimony of the deputy sheriff corroborated the sheriff in every detail except that the weeds prevented the deputy from seeing the firing of the shot.

The appellant maintained that when his sister stopped her car on the roadway, he handed the shotgun to his wife, opened the car door and proceeded to get inside. When he was partly inside the car, the car door struck the barrel of the gun which was then in the possession of his wife outside the car. This knocked the butt of the gun into some bushes along the roadside, and in some manner not fully explained, caused the hammers of the gun to cock and thereafter snap, firing the gun into the side of the car door.

He said the shot entered the outer metal section of the door but did not completely penetrate the door and he was not injured although he was just inside the car door when the shot was fired.

At the trial some months after the incident, the appellant produced in court the car door from his sister's car. It had a hole in the outer surface which he testified was caused by the shotgun blast.

The appellant contends that the evidence is insufficient to sustain the verdict. He testified that he did not know the sheriff was waiting for him and that the weapon discharged before the sheriff's presence became known.

This testimony is in direct conflict with the testimony of the sheriff that the shot was fired after he had stepped out into the headlights of the automobile.

Appellant further claims it was so dark and the automobile was so far away from the sheriff that it would have been impossible for the sheriff to have seen him. He estimates the distance at about one-hundred and fifty feet.

The sheriff testified that the distance was only sixty feet and when the shot was fired the appellant was in the light given off by the brake lights of the car. He said the light was sufficient for identification.

■ Appellant further claims that no malice or intent was shown but direct evidence of malice or intent is not required. It may be inferred from the act itself and the circumstances surrounding it. Wright v. Commonwealth, Ky., 335 S.W.2d 930 (1960); Stevens v. Commonwealth, 286 Ky. 511, 151 S.W.2d 404 (1941). In our opinion the testimony of the sheriff that appellant fired one shot at him and attempted to fire the second shot combined with the evidence that appellant had threatened to shoot the officer who sought to arrest him was a sufficient showing of malice and intent.

The jury had the right to accept the version of this incident offered by the prosecution. Ewing v. Commonwealth, Ky., 390 S.W.2d 651 (1965). The evidence offered by the prosecution was sufficient to sustain the verdict.

The appellant contends the instructions were erroneous in that they did not require a finding that the shooting was done with *intent to kill* and did not submit the issue of guilt of the lesser offense of shooting in sudden affray or sudden heat and passion under KRS 435.180 or recklessly using a deadly weapon under KRS 435.200.

■ The intent to kill is not an element of the offense of maliciously shooting at another without wounding him and consequently there was no error in omitting the requirement of intent to kill from the in-

structions. Profitt v. Commonwealth, Ky., 281 S.W.2d 898 (1955); Keys v. Commonwealth, 260 Ky. 465, 86 S.W.2d 121 (1935).

■ The record does not contain any objection to the failure of the court to instruct upon the lesser offenses above mentioned nor was the point raised in the motion for new trial. The issue therefore is not preserved for review. McCranney v. Commonwealth, Ky., 449 S.W.2d 914 (1970); Napier v. Commonwealth, Ky., 426 S.W.2d 121 (1968).

We note in passing however that there is no evidence which would justify an instruction upon either of the lesser offenses. There was no evidence whatever of sudden affray or sudden heat and passion and the evidence for the prosecution and the defense were so diametrically opposed as to require a finding that the incident happened one way or the other. The jury accepted the version of the prosecution and that version precluded the reckless and negligent discharge of the firearm. The instructions were not erroneous.

■ The sheriff was permitted to testify in chief and twice in rebuttal. Appellant contends that on each occasion the sheriff substantially reiterated his evidence in chief. We have carefully reviewed the record and conclude that his testimony was principally confined to rebuttal and to the results of an experiment offered in rebuttal which we shall later discuss. The trial court has a wide latitude in determining the admissibility of rebuttal evidence and we find no abuse of this discretion. Williams v. Commonwealth, 290 Ky. 368, 160 S.W.2d 585 (1942); Tibbs v. Commonwealth, 241 Ky. 809, 45 S.W.2d 482 (1932).

■ The appellant was asked on cross-examination if he had been convicted of a felony and answered in the affirmative. He was then asked "how many times?" An immediate objection was made and the witness never answered the question. Although the question was improper, it was not answered and the matter was not pur-

sued further. This was not prejudicial error.

■ Finally appellant objects to two instances of demonstrative evidence. On cross-examination the appellant's wife was asked to strike the barrel of the shotgun against the car door in a manner simulating the way the gun was struck by the door at the scene of the incident. No authority is cited that this demonstration was error. In Fox v. Commonwealth, 299 Ky. 293, 185 S.W.2d 394, 398 (1945) this court upheld a cross-examination which required a defendant to demonstrate the position of his body at the time the crime was committed. For a collection of cases upholding reenactment on cross-examination see Annotation 100 A.L.R.2d 1957 at 1261-63.

During an overnight recess of the trial, the sheriff and other officers conducted an experiment by removing a door from the same year model and body style Chevrolet automobile as that exhibited in court by the appellant and firing into the door with the shotgun in question. The shot blasted a hole completely through the door and since the door in evidence had been pierced through the outside only, this experiment had some tendency to show that the hole in the door introduced in evidence had been caused by something other than the discharge of the appellant's shotgun.

The appellant objected to all of the testimony concerning the out-of-court experiment for the reason that there was not sufficient similarity between the conditions under which the test was performed and the conditions related in evidence.

■ Generally speaking, the results of out-of-court experiments are admissible in evidence if such evidence tends to enlighten the jury and enable them to more intelligently consider the issues or if they provide evidence more satisfactory or reliable than oral testimony. Lincoln Taxi Co. v. Rice, Ky., 251 S.W.2d 867 (1952). Such evidence is never admissible, however, unless the conditions under which the experi-

ment was performed were substantially similar to the case under consideration. Ohio County Drug Co. v. Howard, 201 Ky. 346, 256 S.W. 705 (1923). The trial judge is vested with a broad discretion in determining both the question of substantial similarity of conditions and, if substantial similarity exists, the admissibility of the evidence. 29 Am.Jur.2d, Evidence-Experiments-Admissibility, Sections 818–824. See also Annotation of Cases in 76 A.L.R.2d 354.

No hard and fast rule can be formulated to fit every situation but each case must be judged in the light of its own peculiar circumstance. In the case under consideration the experiment employed the same shotgun, a shell of the same type, having the same size shot, a door from the same make, year model and body style of automobile and it was testified that the gun was fired into the door at substantially the same angle of penetration. The trial judge ruled that this complied with the requirement of substantial similarity of conditions.

The defendant maintains that it was not shown that the shell fired in the experiment was of the same age or contained the same power as the shell fired at the scene of the shooting; that there was no showing that the door used in the experiment was of similar construction or made of similar materials on the inside; and no showing that the shot in the experiment was fired into the same part of the door. The experiment was conducted out-of-court, by the sheriff, who was an interested witness and whether or not the experimental shot was fired into the door at the same angle as the shot in question would, at best, be a matter of judgment.

█ Although there was a substantial similarity of some of the conditions of the test, we think that the possibility that the shells used in the experiment may have been more powerful than those which appellant had, the possibility that the angle of discharge and the point of entry into the two doors may have been different plus the possibility that the test door may have been somewhat differently constructed at the factory, coupled with the fact that the experiment was not conducted by a disinterested witness nor in the presence of the jury, rendered the experiment of doubtful validity.

It is the opinion of the court, however, that the admission in evidence of the results of the experiment, even if erroneous, was not prejudicial error. Appellant maintained throughout that he did not have possession of the shotgun; that he did not fire it, accidentally or otherwise, into the car door or any place else. His defense was that he was getting into the car (his wife on the outside holding the shotgun) when the gun was discharged into the car door.

The prosecution's evidence was to the effect that appellant was standing to the rear of the car; that he fired one shot at the sheriff, the shot striking the ground at the sheriff's feet, and that he attempted to fire a second shot from the double-barrelled shotgun at the sheriff. This attempt was frustrated when the gun snapped and failed to fire.

These two versions are so drastically opposed to each other that the belief of one version requires an absolute disbelief of the other.

The jury believed the prosecution's evidence that the appellant, not his wife, had possession of the shotgun and that the appellant attempted to shoot the sheriff with the gun. This completely negatives any belief that appellant's wife had possession of the shotgun. That being the case, it was of no great importance whether the shotgun would or would not have blasted a hole completely through the door. The evidence of the results of the experiment pertains to a collateral issue in the trial and this court is of the opinion that it does not justify the granting of a new trial.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.