Eli K. LAMBERT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 91–CA–0507–MR.

Court of Appeals of Kentucky.

Aug. 14, 1992.

Thomas L. Conn, Lexington, for appellant.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and HAYES and JOHNSON, JJ.

JOHNSON, Judge.

This is an appeal of a criminal conviction in Fayette Circuit Court for robbery in the first degree in violation of Kentucky Revised Statutes (KRS) 515.020. Appellant received a sentence of ten years in the state penitentiary. Appellant claims that he was denied due process of law when the trial court erred as follows: (1) the jury instructions violated the province of the jury by making a finding of fact that a "gun" had been used in the robbery; (2) the trial court should have directed a verdict of acquittal due to the insufficiency of the evidence; and (3) the introduction of evidence pertaining to fines imposed on

appellant was improper. We do not agree with any of these arguments, and thus affirm the judgment of the trial court.

The indictment charges that on or about November 10, 1990, appellant, Eli K. Lambert, by threatening the use of a firearm unlawfully took more than $100.00 from the Eastland Branch of First Security Bank.[1] Evidence for the Commonwealth included the testimony of Deborah Lowe who was working at the Eastland Branch on the date of the incident. Ms. Lowe stated that appellant came to her window and showed her the butt of a gun which was in appellant's waistband. Lowe's testimony indicates that appellant displayed the butt of the gun on more than one occasion. She described the object as pretty good size and black. Counsel for appellant moved for a directed verdict at the close of the Commonwealth's case-in-chief. The motion was based on the theory that the glimpse of the firearm grip was insufficient to establish that a deadly weapon or dangerous instrument had been used in the robbery. The motion was overruled. Later, at the close of appellant's case, counsel for appellant renewed the motion for a directed verdict based upon Lowe's testimony that she had only seen a part of the gun. Once again the motion was overruled. Counsel for appellant then moved for the inclusion of an instruction on felony theft.[2] Additionally, appellant objected to the jury instructions including a definition for "gun." We will address the issue concerning the jury instructions first.

Appellant asserts that the instruction was a finding of fact that appellant had a gun or an object intended to convince a victim that it was a gun. Appellant contends that the instruction prevented the jury from considering the specific identity of the item. Appellant argues that as a consequence of this the jury was "unauthorized" under the instruction to find appellant guilty of the lesser-included offense of robbery in the second degree.[3]

Appellant relies upon *Williams v. Commonwealth*, Ky., 721 S.W.2d 710 (1987), in support of this argument. In *Williams*, the Supreme Court of Kentucky held that a "mere pocket bulge" was insufficient to create a jury issue as to the existence "of a deadly weapon or dangerous instrument." *Williams*, 721 S.W.2d at 712. As a result, the Court reversed a conviction for robbery in the first degree and remanded the case for a retrial on a charge no greater than robbery in the second degree. *Williams*, 721 S.W.2d at 713. Obviously, the decisive factor in *Williams* was that the threatening object went unobserved by sight or touch. *Williams*, 721 S.W.2d at 712. However, to support a conviction for first-degree robbery, the entire object need not be observed. In *Travis v. Commonwealth*, Ky., 457 S.W.2d 481, 482 (1970), the testimony of the victim was ". . . that he had not seen the knife and that he had identified it as such only by reason of the fact that something with a sharp point was pressed against his back." In *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727, 729 (1965) Kentucky's Highest Court analyzed the definition of deadly weapon and held ". . . any object that is intended by its user to convince the victim that it is a pistol or other deadly weapon and does so convince him *is* one." (Emphasis original.) In applying the holding of *Merritt* to *Travis* the Court concluded that "[w]hatever the sharp instrument was, it was intended to and did convince Combs [victim] that it was a knife." *Travis*, 457, S.W.2d at 482–483. Therefore, once an object or a portion thereof is seen or its presence felt *Williams* is satisfied,[4] and the analysis then shifts to whether the object satisfies the *Merritt* test for deadly weapons or dangerous instruments. In the current case, Lowe testified that she saw what she believed to be the butt of a handgun.

---

1. Appellant was alleged to have taken approximately $4,600.00.

2. Presumably KRS 514.030.

3. KRS 515.030.

4. This is not to imply that the object must be seen or felt. It is possible that the other senses could also provide sufficient evidence concerning the object.

Lowe's testimony was not that she merely observed an unidentified bulge; instead, Lowe testified that she visually observed a portion of the object. Hence, the facts of this case do not fall within the scope of *Williams v. Commonwealth*.

■ The appellant's argument that by including the word "gun" in the instruction the trial court invaded the province of the jury by making a finding of fact that a "gun" had been used in the robbery is clearly misplaced. The whole purpose of the trial court including a definition for "gun" was to allow the jury to make a factual finding as to whether or not appellant "threatened the immediate use of physical force upon Deborah Lowe with a gun," with "gun" being defined as including "any object intended by its user to convince a victim that it is a gun and the victim is in fact so convinced." The jury concluded that the object appellant used met the definition of "gun" as given by the trial court. The trial court's instructions as to the law of the case were proper since the definition of "gun" was consistent with *Merritt* and its progeny.[5]

■ That takes us to appellant's second argument that he was denied due process as a result of the trial court's failure to enter a directed verdict for insufficient evidence. Again, relying upon *Williams v. Commonwealth*, appellant reasons that it was never proved that appellant possessed a gun or any object intended to be a gun, nor was there any proof that appellant used or threatened to use the alleged object. Appellant's reasoning is not persuasive. As stated previously, Lowe testified that on two occasions appellant displayed an object that appeared to be the butt of a handgun. Per *Merritt*, this was sufficient to meet the statutory requirement of a deadly weapon or dangerous instrument. Intent may be inferred from the act itself and/or the circumstances surrounding it. *Stevens v. Com-*

*monwealth*, Ky., 462 S.W.2d 182, 184 (1970). As in *Little v. Commonwealth*, Ky., 550 S.W.2d 492, 494 (1977), Lowe "had every reason to believe that it was a deadly weapon." The act of appellant displaying the object combined with appellant's tendering of a "demand" note is sufficient to infer threat of use. Therefore, the trial court did not err in denying the motion for a directed verdict.

Appellant's final argument is that the trial court erred in allowing the introduction of evidence pertaining to fines imposed on him in the Jefferson District Court.

The testimony of witness Laurie Segura was as follows:

Direct examination by Commonwealth:

Q1.  Ms. Segura how are you employed?

A.  By Jefferson County District Court.

Q2.  Are you a Deputy Court Clerk?

A.  Yes sir.

Q3.  Are you the daughter of the Defendant Mr. Lambert?

A.  Yes sir.

Q4.  Ms. Segura on November in early November of 1990, did Mr. Lambert have a fine due to be paid in the district court?

A.  Yes.

Q5.  What was the amount of that fine?

A.  $1,270.00.

Q6.  Did the fine get paid?

A.  Yes sir.

Q7.  Who paid the fine?

A.  He gave me the money and I paid it for him.

Q8.  Do you know when that was?

A.  November 5, on a Monday.

Q9.  What denominations was the money?

A.  He gave me $1,500 and I paid $1,300 downtown to pay his fines and costs.

Q10.  What denomination was the $1,500?

A.  $100 bills.

---

5. We note that the trial court may have been better advised in its jury instructions to have followed the language in KRS 515.020 as to a deadly weapon; and then by applying *Merritt* to have defined "deadly weapon" in a manner similar to its definition of "gun." *See* 1 Palmore & Cooper, *Kentucky Instructions to Juries* § 5.41 (4th ed., 1990). *See also*, KRS 500.080(3) and (4).

Q11. Prior to November 2, 1990, to your knowledge did he have the ability to pay that fine?

A. No sir.

Commonwealth: That is all of this witness.

. . . .

Cross-examination by defense Counsel:

Q1. Ms. Segura the fine payment that we are referring to here was a fine for driving under the influence, correct?

A. Yes.

Defense Counsel: That is all I have got.

Judge: Are you requesting admonition regarding that?

Defense Counsel: No, your honor.

Judge: Okay.

. . . .

■ Appellant correctly identifies the general rule that evidence of the commission of other crimes is not admissible to prove that an accused is a person of criminal disposition, but an exception exists if the evidence is offered to prove motive, intent, knowledge, identity, plan or scheme, or absence of mistake or accident. Lawson, *The Kentucky Evidence Law Handbook* § 2.20 (2d ed., 1984). The Commonwealth asserts that, among other things, payment of the DUI fines showed motive, intent, design, and pattern of behavior.

■ Appellant cites *Holland v. Commonwealth*, Ky., 703 S.W.2d 876 (1985), to support his position. The facts of *Holland* however differ significantly from the current case. In *Holland* the improperly admitted evidence included, among other things, references to a failed polygraph test. *Holland*, 703 S.W.2d at 879. In the current case the evidence did not merely arouse the passions of the jury. The evidence had significant probative value to show appellant's motive to rob a bank, and was properly admitted. "Whether the probative value of evidence is outweighed by possible prejudicial effect is to be decided within the sound discretion of the trial judge. *Rake v. Commonwealth*, Ky., 450 S.W.2d 527 (1970)." *Dunbar v. Commonwealth*, Ky., 809 S.W.2d 852, 855 (1991). We affirm the judgment of the trial court.

All concur.