James Antonio **MITCHELL**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2006–CA–000362–MR.

Court of Appeals of Kentucky.

Aug. 17, 2007.

Donald H. Morehead, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, David W. Barr, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; MOORE and NICKELL, Judges.

## OPINION

NICKELL, Judge.

James Mitchell appeals the January 11, 2006, judgment of the Christian Circuit Court sentencing him to ten years for robbery in the first degree. We affirm.

On December 30, 2004, Mitchell smoked crack cocaine, got into a cab and went to a branch of U.S. Bank in Hopkinsville. Daisy Cohoon, a bank teller, saw Mitchell enter the bank with his hands in his pockets. He shuffled around a bit and finally approached her window where he placed two envelopes on the counter. Mitchell then put a handwritten note on the counter that said, "I have a gun! Put the money in the bag!! Dont [sic] be stupid." When Cohoon tried to get another employee's attention Mitchell said, "No." As Cohoon reached into her drawer to get the money, he told her, "Do it." She placed the money on the counter and he scooped it up with both hands. Mitchell opened the bank door with his elbow and fled with $1,028.00.

Police linked Mitchell to the robbery via a bar code on one of the envelopes he left on Cohoon's counter during the robbery.

Within two hours of the robbery Cohoon had positively identified Mitchell from a photo lineup. Mitchell was ultimately located in Indiana some 17 days after the robbery. At that point he had no gun or other weapon with him. Upon his return to Hopkinsville in mid-January 2005, he confessed to taking the money, but denied he was armed during the robbery.

On February 18, 2005, Mitchell was charged with a single count of robbery in the first degree. During a one-day jury trial on November 21, 2005, Cohoon testified there were times during the robbery when she saw only one of Mitchell's hands. When asked whether she believed Mitchell was armed she replied, "He said he had a gun. I believed he had a gun." On cross-examination she testified she never saw a gun and Mitchell never brandished one.

Defense counsel moved for a directed verdict at the close of the Commonwealth's case-in-chief. There was never any doubt Mitchell robbed the bank; the only question was the degree of the robbery. Citing *Swain v. Commonwealth*, 887 S.W.2d 346 (Ky.1994), defense counsel argued there was insufficient proof from which jurors could infer Mitchell was armed and thus urged the trial court to instruct on only robbery in the second degree.[1] The trial court overruled the motion saying *Swain* was broad enough to justify an instruction on robbery in the first degree.

A convicted felon, Mitchell testified in his own defense. He admitted taking the

---

1. Robbery in the first degree, a Class B felony as defined in Kentucky Revised Statute (KRS) 515.020, requires intent to commit a theft, commission of a theft, and either the use or threat of immediate use of physical force on a non-participant in the crime, plus the person committing the theft must have either caused physical injury to a non-participant in the crime; been armed with a deadly weapon; or used or threatened the immediate use of a dangerous instrument upon a nonparticipant in the crime. In contrast, robbery in the second degree, a Class C felony as defined in KRS 515.030, requires only proof of a theft and either the use or threat of immediate use of physical force upon another person to commit the theft.

money, but maintained he was unarmed during the robbery. He denied making any gesture that would indicate he had a gun. He said his hands were in his pockets only twice during the robbery, when he first entered the bank and again when he scooped up the money and put it in his pockets as he left the bank. Mitchell admitted he knew what he was doing when he robbed the bank.

At the end of Mitchell's testimony, defense counsel renewed the directed verdict motion which again was overruled. Jurors were instructed they could acquit Mitchell or find him guilty of robbery in either the first or second degree. The instructions included definitions of "dangerous instrument" and "physical force." Jurors found Mitchell guilty of robbery in the first degree and recommended a sentence of ten years.

At final sentencing on January 10, 2006, Mitchell again asked the trial court to consider granting a directed verdict.[2] The trial court treated the motion as a request for a judgment notwithstanding the verdict. The court denied the motion stating that based upon the evidence developed at trial, jurors were given the option of convicting Mitchell of robbery in either the first or the second degree, and they chose to convict him of the more serious offense. Thereafter the court imposed a sentence of ten years for the crime of robbery in the first degree. This appeal followed.

Mitchell contends he was entitled to a directed verdict on the charge of robbery in the first degree because there was no proof he was armed when he entered the bank and demanded money. As a reviewing court, we will reverse only if it was "clearly unreasonable for a jury to find guilt" under the evidence as a whole. *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky.1991); *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky.1983). After considering all the evidence, we affirm.

Kentucky courts have consistently held reference to a deadly weapon, coupled with a contemporaneous demand for money, is sufficient to defeat a directed verdict motion on a charge of robbery in the first degree. *Shegog v. Commonwealth*, 142 S.W.3d 101, 109–110 (Ky.2004); *Dillingham v. Commonwealth*, 995 S.W.2d 377, 380 (Ky.1999); *Swain*, 887 S.W.2d at 348.

The evidence at trial showed Mitchell entered a branch of U.S. Bank and handed the teller a note that read, "I have a gun! Put the money in the bag!! Dont [sic] be stupid." The handwritten note both referred to a deadly weapon and demanded money. This evidence alone was enough to overcome the directed verdict motion. *Shegog, supra.*

Mitchell's protests aside, there is no requirement that the Commonwealth prove a robber actually possessed a gun or other deadly weapon to secure a conviction for robbery in the first degree. *Whalen v. Commonwealth*, 205 S.W.3d 238, 240 (Ky. App.2006). In *Dillingham, supra,* there was no proof a bank robber was actually armed, yet the Supreme Court of Kentucky upheld his conviction for robbery in the first degree. There, a bank robber handed a teller a note saying "This is a robbery. Don't push any buttons or call the police." He then said he had a gun and kept one hand in his pocket as if he had a gun. Although no weapon was ever seen, the Supreme Court found the refer-

---

**2.** Before a verdict is rendered, a motion for a directed verdict is the appropriate vehicle for testing the sufficiency of the evidence. Kentucky Rule of Civil Procedure (CR) 50.01. Once a verdict has been entered, however, the proper motion is one for a judgment notwithstanding the verdict under CR 50.02. Here, though represented by counsel at sentencing, Mitchell made the directed verdict motion on his own behalf.

ence to the gun coupled with the contemporaneous demand for money was sufficient to defeat the directed verdict motion. Due to the similarity of the facts at hand with those in *Dillingham* we find it was not "clearly unreasonable" for jurors to convict Mitchell of robbery in the first degree. *Swain, supra.*

Likewise, we find no merit in the suggestion that Mitchell never referred to a gun because he never orally said "I have a gun!" We cannot accept Mitchell's argument because we cannot ignore the obvious content of his handwritten note. He may not have said "I have a gun!" aloud, but he clearly said it in writing and it had his desired effect as it prompted Cohoon to give him more than $1,000.00. Thus, a reference to a gun, whether spoken or written, when coupled with a contemporaneous demand for money, is sufficient to overcome a directed verdict motion.

Mitchell's reliance upon *Williams v. Commonwealth,* 721 S.W.2d 710 (Ky.1986), is misplaced. While robbing a convenience store, Williams reached toward an unidentifiable bulge in his back pocket and asked the clerk, "Do you want your life?" Police arrived almost immediately and apprehended him. Marked money from the store, but no gun or weapon, was found in Williams' possession. The store clerk testified, "maybe [Williams] had a weapon or something." *Williams, supra,* at 711. *Williams* is factually distinct since that robber never referenced a gun in any way and the clerk was uncertain the robber had a weapon at all. *Williams* stands only for the proposition that an intimidating threat ("Do you want your life?") and a gesture (reaching toward an unidentifiable bulge in one's back pocket) will not justify an instruction on robbery in the first degree. However, that is not the fact pattern presented in this appeal. Here, Mitchell said he had a gun and the bank

teller believed he had a gun because of his statement. Moreover, Mitchell's hands were in his pockets during at least a portion of the robbery. The fact that no gun or weapon was found on Mitchell at the time of his capture is of no moment since he was apprehended in Indiana some 17 days after the robbery. Under *Swain,* it is the reference to a gun, combined with a contemporaneous demand for money, that propels the prosecution past the directed verdict motion. The evidence at trial in this case justified the trial court's instruction on robbery in the first degree. Hence, we find no error.

Alternatively, Mitchell asks us to invoke Kentucky Rules of Criminal Procedure (RCr) 10.26 and consider a related, but unpreserved complaint, about the jury instructions. He claims the trial court's alleged misapplication of *Swain* allowed jurors to convict him without specifically finding he was armed with a deadly weapon. Under the palpable error rule, relief is available only if an appellate court finds "manifest injustice." In other words, we will reverse only if we find the result would have been different without the alleged error. *Partin v. Commonwealth,* 918 S.W.2d 219, 224 (Ky.1996).

KRS 515.020 specifies three ways to commit robbery in the first degree. While committing a theft, the person must use or threaten "the immediate use of physical force upon another person with intent to accomplish the theft" and either (a) cause physical injury to a non-participant in the crime; (b) be armed with a deadly weapon; or, (c) use or threaten "the immediate use of a dangerous instrument" upon a non-participant in the crime. The Commonwealth proceeded under KRS 515.020(1)(c) which required proof only that Mitchell used or threatened "the immediate use of a dangerous instrument upon" a non-participant in the crime. As previously noted,

under *Whalen,* the Commonwealth can survive a directed verdict motion on a charge of robbery in the first degree without proving the accused was actually armed with a gun. The instruction submitted to jurors comported with the wording found in 1 Cooper, *Kentucky Instructions to Juries, (Criminal)* § 6.15 (Revised 4th ed.1999). We find no palpable error and indeed no error in the instructions.

Based upon the evidence developed at trial, we cannot say the jury's verdict was "clearly unreasonable" under *Benham, su-*

*pra.* Thus, we find no error in the denial of the directed verdict motion.

For the foregoing reasons, the judgment and sentence entered by the Christian Circuit Court is affirmed.

ALL CONCUR.